· ARKANSAS STATE LIFE INSURANCE COMPANY *v.* ALLEN.

## Opinion delivered December 8, 1924.

1. INSURANCE—AUTHORITY OF AGENT.—An insurer is bound by the conduct of its soliciting agent within the apparent scope of his authority, and charged with the knowledge or information acquired by him in the course of his employment.

2. INSURANCE—WARRANTY AS TO HEALTH—TRIVIAL AILMENTS.—Trivial ailments of temporary duration, not affecting insured's general health, are not in contemplation of the parties, and do not affect the risk assumed, and are not a breach of the warranty that insured has not been treated or advised by a physician within the past two years.

3. INSURANCE—DEFENSE NOT PLEADED.—Though the policy provided that insurer was not liable for an amount greater than the amount paid in by a certain class within the month preceding insured's death, defendant's offer to prove such amount, offered after plaintiff's testimony was completed, was properly excluded on the ground that there was nothing in the answer to put plaintiff on notice of such defense.

4. APPEAL AND ERROR—NATURE OF EXCLUDED EVIDENCE NOT SHOWN.—Where the record does not disclose what the excluded evidence would show, prejudice to appellant by the court's ruling is not shown.

5. APPEAL AND ERROR—EXCLUSION OF EVIDENCE—PREJUDICE.—Where the record did not show that the constitution and by-laws of insurer, offered in evidence, were duly authenticated, but did show that provisions thereof which defendant sought to introduce were covered by provisions of the policy, no prejudice resulted from their exclusion.

6. APPEAL AND ERROR—OBJECTION AVAILABLE TO APPELLANT.—In an action against an insurance company and its bondsmen, wherein judgment was rendered against the company and bondsmen, defense that process was never served on the bondsmen is not available to the company, which alone appealed.

Appeal from Prairie Circuit Court, Southern District; *George W. Clark,* Judge; affirmed.

*Arthur D. Chavis,* for appellant.

The policy sued on is void because of false representations made in the application. The application and policy, forming one transaction, are read together with the by-laws as the entire contract. The falsity of

the insured's answer to the question whether she had been treated within two years by a physician is established beyond doubt.   105 Ark. 101; 72 Ark. 620; 84 Ark. 57; 89 Ark. 368; *Id.* 378; 103 Ark. 404; 52 Ark. 11; 53 Ark. 215; *Id.* 494; 65 Ark. 581; 71 Ark. 298; 58 Ark. 528; 72 Ark. 620.   There was clearly a question of fact for the jury in this case, and the court erred in directing the verdict.   301 Ark. 201; 65 Ark. 581.   Also the court erred in refusing permission to introduce in evidence the conditions in the by-laws, and to introduce the company's ledger.

*Cooper Thweatt,* for appellee.

1.   The evidence is undisputed that neither the insured nor the beneficiary had any knowledge that the statement that the insured had not been treated by a physician within two years appeared in the application. It is also undisputed that the agent alone had this knowledge.   The company is estopped to plead a breach of the warranty.   113 Ark. 174, 184; 81 Ark. 508; 111 Ark. 435; 129 Ark. 450; 147 Ark. 563; 71 Ark. 295. Treating the question and answer as a warranty, it was not intended to embrace treatment by a physician for trivial ailments, but only such as might affect the risk to be assumed.   58 Ark. 528; 89 Ark. 230; 71 Ark. 295; 65 Ark. 588.   There is no evidence of collusion between the agent and the appellee; but, if there was any fraud, it was that of the agent, who was acting within the scope of his authority.   113 Ark. 174.   And the company is bound by his knowledge.   129 Ark. 450.

2.   The company's ledger was properly excluded, because it did not plead its financial condition, nor even suggest it in its answer, and, since there was no written amendment, and none permitted to be filed, such evidence would have been irrelevant.   24 Ark. 375; 57 Ark. 512; 33 Ark. 307.   It is not disclosed in the record what the contents of the ledger were, that it was sought to prove.   There is nothing therefore for the court to review.   97 Ark. 564; 101 Ark. 555; 123 Ark. 548.   It was within the court's discretion to refuse leave to

amend.   68 Ark. 374; 88 Ark. 181; 60 Ark. 526; 104 Ark. 276.

3.   The document purporting to be the constitution and by-laws of the company, when offered without identification and no evidence whatever of authenticity, was quite properly excluded.   It could not have been prejudicial to exclude it, since the very paragraphs sought to be introduced were set out in the policy.   95 Ark. 443; 105 Ark. 230; 87 Ark. 52.

WOOD, J.   On the 23rd of December, 1922, Arkansas State Life Insurance Company, hereafter called appellant, issued its certificate, or policy of insurance, on the life of Angelene Allen.   Austin Allen, her husband, was named as the beneficiary in the policy.   The appellant was engaged in the life insurance business on the assessment or mutual plan.   It is specified in the policy that the application and the constitution and by-laws shall be the basis, and form a part of, this contract.

The insured died on the 20th of March, 1923.   The value of her policy at the time of her death, if valid, was $235.   She paid one quarterly premium of $5.30.   The appellee instituted this action against the appellant and its bondsmen setting up the policy and the amount due thereunder, the payment of the premium, the death of the assured, notice to the company of the death, demand of payment, and prayed judgment in the sum of $235.30, and for attorney's fee of $75 and 12 per cent. penalty.

The appellant, in its answer, denied the material allegations of the complaint except as to the issuance of the policy and filing of the bond, and set up by way of affirmative defense that there was a breach of warranty as to the condition of the health of the insured at the date of the policy, in that the statements of the insured in the application on which the policy was issued were false and fraudulent, by which all rights under the policy were forfeited.

The appellant also, in response to the motion to make its answer more definite, alleged that the assured stated in her application for insurance that she had not been

treated or advised by a physician during the past two years, and that the plaintiff stated in his claim for death benefit, and swore to same, that the assured died with la grippe.

The appellee denied that there were any misrepresentations.

The cause was tried before a jury, and, after the evidence was adduced, the appellee prayed the court to instruct the jury to return a verdict in its favor, which prayer the court granted over appellant's objection and exception. From a judgment rendered on the verdict in favor of the appellee is this appeal.

1. We will consider the assignments of error in the order presented by counsel for the appellant. It is stated in the application, which was made December 23, 1922, and signed by the assured, as follows: "I have not been treated or advised by a physician in the past two years, except * * * no, my family physician is doctor." The application contains the following provision: "I understand and agree that each of the foregoing statements are warranties; that I made them to induce the issuance of a policy of insurance for which I made this application, and to that end I warrant them to be true." There is also a statement in the application to the effect that the insured made the application subject to all the conditions and agreements in the policy; that the application is a part of the policy.

Dr. Odom testified that he was called to see Angelene Allen in 1921; that she had a slight case of influenza or la grippe, with some fever; that it was a temporary attack, and her general health was not affected. He also stated in the proof of death that he thought the sickness for which he treated the insured the year before had no connection with the cause of her death.

The appellee testified that, when the agent took the application, he asked witness if his wife was well, and witness told him that she was. The agent had never seen the insured in his life, and did not ask the witness whether his wife had been treated by a physician in the past two

years. The witness answered all questions truthfully, which the agent asked him, and the agent wrote the answers down. This testimony of the appellee was corroborated by another witness, and there is no testimony to the contrary in the record.

It is the doctrine of this court that an insurance company is bound by the contract of its soliciting agent acting within the apparent scope of his authority. Any knowledge or information given to him during the course of his employment will bind his principal, the society, and it will be estopped from denying that which its own agent had asserted to be true. *Mutual Aid Union* v. *Blacknall,* 129 Ark. 450-55, and cases there cited. *Maloney* v. *Maryland Cas. Co.,* 113 Ark. 174.

It is not alleged by appellant in its answer that there was any collusion on the part of the appellee and appellant's soliciting agent to defraud the appellant. The soliciting agent was acting within the scope of his authority in writing the answers and taking the application, and there is no proof whatever that any fraud was perpetrated upon him by the appellee.

Moreover, if the above statement had been made by the assured, it would not have rendered the policy void for the reason that the testimony of the physician showed that his treatment of the assured within two years prior to the issuance of the policy was for a trivial ailment of temporary duration, which did not affect her general health. Such ailments were not in the contemplation of the parties, and did not affect the risk assumed by appellant, and were not a breach of the warranty. *Providence Life Assurance Society* v. *Reutlinger,* 58 Ark. 528; *Mutual Reserve Fund Life Assn.* v. *Farmer,* 65 Ark. 588; *Des Moines Life Ins. Co.* v. *Clay,* 89 Ark. 230.

2. There is a provision in the policy to the effect that the company shall in no instance be liable for an amount greater than the amount paid in by the whole series in which the insured was classified on the last month preceding the death or disability of the insured, and the value of this policy is dependent on this condition

One of the grounds of the motion for a new trial is that the court erred in refusing to allow the appellant to introduce in evidence its ledger showing the amount of receipts and expenses of said company for the month prior to the death of the insured. This testimony was offered after the appellee's testimony was all adduced. The trial court refused to allow this testimony on the ground that there was nothing in the answer to put the appellee on notice that this defense would be pleaded on trial of the cause. There was no error in the court's ruling, as the issue was not raised. It was within the discretion of the court during the progress of the trial when this evidence was offered, to refuse to allow the appellant to amend its answer to raise this issue. *Amer. Bonding Co. of Baltimore* v. *Morris,* 104 Ark. 276. See also *St. Louis, I. M. & S. Ry. Co.* v. *Holmes,* 88 Ark. 181.

The ruling of the court was correct for the further reason that the record does not disclose what the contents of the ledger were, and it does not therefore appear that the appellant was prejudiced by the court's ruling. *Fort Smith Light & Traction Co.* v. *Ward,* 123 Ark. 548; *New Hampshire Fire Ins. Co.* v. *Blakely,* 97 Ark. 564.

3. The appellant offered a document purporting to be the constitution and by-laws of the appellant. The court refused to allow the document on the ground that there was no evidence offered to authenticate it as the constitution and by-laws of the appellant, and that all these things are set forth in the policy and is a part of the contract sued on here in the case. The ruling of the court was correct. There is nothing in the record to show that the document was duly authenticated, and the record discloses that the provisions of the by-laws, which the appellant asked to be introduced, were covered by the provisions of the policy. Therefore, it is manifest that no prejudice resulted to the appellant in the court's ruling. *Crawford County Bank* v. *Baker,* 95 Ark. 443; *Fletcher* v. *Freeman-Smith Lumber Co.,* 105 Ark. 230.

4. The appellant contends that the directed verdict resulted in a judgment against two of the bondsmen of

appellant, to-wit: J. W. Simpson and L. Mayfouz, upon whom no service was had in the action. These parties were named defendants in the complaint, and the answer states, "Come all the defendants named herein who have been served with summons, and for their answer herein state," etc. There is nothing in this statement to show that the answer was not intended to be the answer of J. W. Simpson and L. Mayfouz, as well as the appellant and the two other individuals named as defendants, and the record does not show that they were not served with process. They are not appealing, and, if it be a fact that they were not served, then they are not bound by the judgment.

5. The judgment of the trial court is in all things correct, and it is therefore affirmed.