584

5264                                                414 S. W. 2d 601

Opinion delivered May 15, 1967

*Jack L. Lessenberry,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. General, for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Aaron Clark, was charged by Information in Crittenden County on September 17, 1963, with the crime of murder in the first degree. Counsel for Clark was appointed by the court, and the case was continued until February 20, 1964. On that date, appellant appeared before the court with his attorney, and after the prosecuting attorney moved to reduce the charge, Clark entered a plea of guilty to murder in the second degree. Thereupon, the court sentenced him to a term of twelve years in the Arkansas State Penitentiary. In November, 1965, appellant filed a petition[1] under our Criminal Procedure Rule

[1] There are no filing marks on the petition, but the petitioner shows it as being filed on November 12, 1965.

No. 1, asserting the violation of certain of his constitutional rights before entering his plea and asking for a hearing on his allegations. The petition listed the names and addresses of purported witnesses that he desired to have subpoenaed on his behalf. The court appointed an attorney to represent Clark on the petition, and on February 25, 1966, a judgment was entered entitled, "Findings and Order." The order recites that the cause came on to be heard, the petitioner appearing by his court-appointed attorney, and the matter was submitted upon the petition filed by appellant. After finding that such petition was not verified, as required by Section (A) of Criminal Procedure Rule No. 1, the court made further findings based on docket sheets, and the original file, to the effect that an attorney had been appointed for Clark on September 20, 1963, and that appellant had waived formal arraignment, and entered a plea of not guilty. The order further recites that, following a continuance until the next term of court (Clark being permitted to make bond), the charge against appellant was, on February 20, 1964, reduced to second degree murder. The order then sets out that, on the said date, appellant was accompanied into open court by his attorney, and was asked if he understood the charge, and whether he desired to plead guilty. When appellant replied in the affirmative, the court sentenced him to the term of twelve years in the State Penitentiary. After reciting these findings, the judgment sets forth that the petition is without merit, and is denied. Subsequently, another attorney was appointed to appeal the judgment to this court.

Section (A) of Criminal Procedure Rule No. 1 provides that the petition (motion), praying that a sentence be vacated or corrected, shall be verified. There was a valid reason for including this provision. It is not the purpose of Criminal Procedure Rule No. 1 to permit the holding of a second hearing simply as a matter of giving a defendant two trials; rather, the purpose of the

rule is to provide a method for determining, after the filing of an appropriate petition, whether any constitutional requirements or statutory enactments, either federal or state, relative to the rights of an accused, have been violated, or whether the sentence is otherwise subject to a collateral attack. Of course, conducting a hearing on these petitions adds to the work load of the trial courts, many of which already contain over-crowded dockets, and these courts should not be asked to conduct hearings on motions that are actually frivolous in nature, and which cannot be supported by legal evidence. The requirement of a verification subjects one to possible penalties for perjury, and thus discourages the filing of this type of petition. The particular petition involved here is preceded by a motion to proceed in *forma pauperis,* which apparently was attached as the front sheet of the actual petition for relief, and this motion to proceed as a pauper is verified. It may be that petitioner considered this as a verification of the entire motion. Without detailing the allegations set out in the principal motion, let it suffice to say that we think they were sufficient to require the court to have Clark brought before it, and to give appellant an opportunity to present evidence to sustain his contentions. It might also be mentioned that any records relied on by the Circuit Court, in whole or in part, in reaching its conclusions (such as docket sheets, transcript of interrogation or statements made at the time of the plea, etc.) should be included as a part of the record sent to this court. This has not been done in the present instance, the transcript consisting only of the "Findings and Order" of the Circuit Judge, and the petition filed by appellant.

It is therefore the order of this court that this cause be remanded with directions to first give the petitioner a reasonable opportunity to verify his petition; if the petition is not verified, it shall be dismissed. If Clark, within the time allotted, verifies said petition, then, and in that event, the court shall enter its order directing

that appellant be brought before it, and thereupon conduct a hearing in accordance with the provisions of Criminal Procedure Rule No. 1.

It is so ordered.

FOGLEMAN, J., disqualified.