THOMAS E. THACKER v. VICTOR URBAN, SUPERINTENDENT

5-5402                                                    440 S.W. 2d 553

Opinion Delivered May 12, 1969

*M. C. Lewis, Jr.* for appellant.

*Joe Purcell,* Atty. Gen. and *Don Langston,* Asst. Atty. Gen. for appellee.

FRANK HOLT, Justice.    This is a proceeding for post-conviction relief under our Criminal Procedure Rule No. 1.    The petitioner, now the appellant, asks that his sentence be vacated and that he be set free.    He was sentenced in January 1966 to a term of five years in the state penitentiary upon a plea of guilty to the alleged crime of robbery.

In February 1968 the appellant filed a writ of habeas corpus which the present trial court promptly treated as a petition for post-conviction relief.    The court appointed his present counsel who filed an amended petition in appellant's behalf.    Subsequently, the court overruled and denied appellant's motion to set aside the denial of appellant's petition for post-conviction relief and accord appellant a new trial.    This appeal followed.

The issues on appeal "involve constitutional grounds including violation of rights, violation of due process, failure to advise of charge on which arrested, failure to advise of rights, denial of rights to bond, failure to have an attorney appointed to represent him or to be represented in competent fashion, and bias and prejudice of the original Judge, P. E. Dobbs."    The present trial judge (who did not preside at the original trial), conducted a fair and extensive hearing on appellant's petition and also upon his motion for a new trial following denial of the petition.    The court rendered a comprehensive and thorough opinion in the form of findings of fact and conclusions of law in denying appellant the relief he sought.

958

Appellant first asserts that due process was denied to him because he was never told for what charge he was being arrested and was never advised of his rights. We do not agree. There was evidence for the trial court to consider that upon being arrested with his codefendant, a brother-in-law, both were identified by the victim as having committed the alleged robbery. Furthermore, on December 1, 1965, the day of his arrest, he was charged by information and accused of the alleged offense of robbery and bail was set. He had the benefit of counsel and never raised this issue at any stage until he initiated this proceeding. He was arraigned and pleaded not guilty on December 6, 1965, with counsel present, and on January 3, 1966 he pleaded guilty with the same counsel representing him, receiving a five-year sentence, along with his brother-in-law and codefendant.

Next appellant argues that he in effect was denied the right to bail or the right to make bond by Judge Dobbs, the then presiding judge. The bench warrant reflects that appellant's bond was set at $4,000 on December 1, 1965. Appellant contends that he could not make bail because Judge Dobbs threatened to raise it if he tried to make bail. This assertion was contradicted and denied by Judge Dobbs and according to the record, the bond remained the same as originally set.

Appellant contends that "he was denied due process and deprived of a fair trial in that he never retained counsel, none was appointed for him, he never accepted the services of an attorney, and he was not given effective, adequate, and competent legal representation." The evidence and record are amply sufficient to sustain the trial court's findings to the contrary. The appellant appeared with his codefendant for arraignment before the court on December 6, 1965. Senator Q. Byrum Hurst appeared with appellant and entered a plea of not guilty to the charge of robbery on behalf of appellant and his codefendant. Again, on January 3, 1966, the appellant appeared in open court with Senator Hurst

who asked permission of the court to change appellant's plea of not guilty to a plea of guilty to the charge of robbery. Upon the recommendation of the prosecuting attorney, the plea of guilty was accepted and appellant and his codefendant each received a sentence of five years in the state penitentiary on the robbery charge.

There is no evidence that appellant ever indicated during these proceedings that Senator Hurst was not representing him or that his counsel was not satisfactory or that he desired the appointment of counsel. Senator Hurst, who has approximately thirty years experience as a trial lawyer, was retained to represent these defendants by their families the day before their arraignment. He was known to both families for several years and had previously represented some of them. A few days following their arraignment, the mothers of both defendants made a substantial payment on his fee to represent the defendants. His copies of the receipts were introduced into evidence. There was evidence that he conferred with the appellant several times. Senator Hurst testified that his efforts were directed mainly toward working out an acceptable sentence on a plea of guilty. The state desired a 12-year sentence. The defendants' counsel asked for a 5-year sentence with 2 years suspended. After conferences with the prosecuting attorney, it was agreed that the state would recommend a 5-year sentence for appellant and his codefendant upon a plea of guilty. It appears that this was a reluctant agreement on the part of the state as to the appellant because he had three previous felony convictions. These consisted of burglary, forgery and uttering, and theft. His codefendant had none. As was the custom, the trial court accepted the prosecuting attorney's recommendation in assessing the recommended sentences.

The record reflects that appellant's retained counsel continued to follow his case with interest, writing letters in his behalf to appropriate officials. Further, upon appellant's commitment to the penitentiary, a doc-

ument reflecting his personal history and signed by him shows that the name and address of his attorney was "Q. Byrum Hurst, Hot Springs, Ark.". The document further reflects:

> "Brief History of Crime: (inmate's version) * * * He and accomplice robbed a WM (Robert Clairdy) on the Street in Hot Springs, Ark. taking about $250.00 from said man. Subject states that he was arrested same day by the City Police of Hot Springs, Ark., due to information from unknown party who saw said act. Subject was charged with Robbery, and went to court and entered a Plea of Guilty to said charge and received a Sentence of Five (5) Yrs. to be served.

Also, we find in the record letters from appellant to Senator Hurst acknowledging him as his attorney and asking his continued assistance.

We agree there was sufficient evidence for the court to find that:

> "[T]he following facts were substantiated by the evidence adduced at the hearing: that petitioner was sufficiently and properly warned of his constitutional rights at all critical stages in the proceedings. That the petitioner had the advice and assistance of a competent attorney. That petitioner was sufficiently advised of the charge against him. That, upon entering the not guilty plea, defense counsel indicated a need for time within which to discuss the case with the petitioner. That the time lapse between petitioner's arrest and arraignment was reasonable. That the time lapse between the date of the not guilty plea and the date on which the plea was changed to guilty was reasonable."

In *Thornton* v. *State*, 243 Ark. 829, 422 S.W. 2d 852 (1968), we said:

"* * * Until the contrary is shown, we will assume that a person who appears in court with an attorney of his choice has ample opportunity to understand when he has entered a plea of guilty and the consequences thereof."

The crime of robbery is punishable by a sentence of three to twenty-one years. Ark. Stat. Ann. § 41-3602 (Repl. 1964). The appellant is 27 years of age and has experienced three felony convictions before this alleged crime. It appears that appellant had the benefit of effective, adequate, and competent legal representation.

Appellant next asserts that because of the bias and prejudice on the part of Judge Dobbs, the then presiding judge, appellant was denied due process and deprived of a fair trial. According to the appellant's evidence, the presiding judge refused to permit him to make bail; "promised" him 21 years if he asked for a jury trial; failed and refused to accept and file an earlier petition for writ of habeas corpus mailed to him by appellant; instructed prison authorities who transported appellant to the penitentiary to corporally punish him; and thereafter wrote a letter to the same effect to the prison officials. A photocopy of this letter was presented as a basis for appellant's motion to set aside the denial of appellant's petition and accord him a new trial. All of this was refuted by Judge Dobbs and the letter termed a forgery. There was evidence that after the appellant had been in the penitentiary a few months he was given a furlough to see his dying grandmother at the request of Judge Dobbs who also instructed that a $2,000 bond by appellant's mother would be sufficient. Appellant testified that Judge Dobbs told him he did not have to return to the penitentiary following his furlough. This was also denied by Judge Dobbs. The present trial judge's findings on these issues are based upon and supported by sufficient evidence.

Appellant argues that a combination of these factors violated his constitutional rights and, thus, the

court erroneously denied appellant's amended petition for a writ of habeas corpus and further, erred in refusing his motion for a new trial thereby setting aside the denial of appellant's petition. We do not agree. We think the trial court scrupulously observed and complied with the provisions of our Criminal Procedure Rule No. 1. This rule does not permit the holding of a second trial within itself. Rather, it exists for the purpose of providing "a method for determining, after the filing of an appropriate petition, whether any constitutional requirements or statutory enactments, either federal or state, relative to the rights of an accused, have been violated, or whether the sentence is otherwise subject to a collateral attack." *Clark* v. *State,* 242 Ark. 584, 414 S.W. 2d 601 (1967).

In *Orman* v. *Bishop,* 245 Ark. 887, 435 S.W. 2d 91 (1968), it was urged that the trial court was biased and prejudiced and that through fear appellant acquiesced in a plea of guilty. There we said:

"If Orman feared a 105-year sentence, his fear was induced by his own knowledge of the hazards involved and not by any coercion by the trial judge."

Similarly, in the case at bar we think that in view of appellant's age and his experience with the criminal courts, any fear he had was induced by his own knowledge and experience rather than any bias, threats and prejudice of the presiding trial judge. It appears that the sentence appellant received upon a plea of guilty was based upon the efforts of competent counsel and the prosecuting attorney's recommendation which the court accepted.

After a full and complete canvass of the record in the case at bar, we are of the view that there is sufficient evidence to sustain the trial court's action in refusing to vacate appellant's sentence and to give the relief he

sought and, further, that in none of the proceedings was there any violation of appellant's constitutional rights.

Affirmed.