David W. SWISHER *v.* STATE of Arkansas

CR 74-64                                        514 S.W. 2d 218

Opinion delivered September 23, 1974
[Amended on Denial of Rehearing October 28, 1974.]

*Harold Hall,* Public Defender, by: *John W. Achor,* Chief Dep. Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant filed a motion for post-conviction relief under Criminal Procedure Rule 1 from his conviction of forgery and uttering on October 9, 1973 in a trial in which he was represented by the public defender. No appeal was taken. The only ground for reversal of the circuit court judgment denying appellant relief is the assertion that the court erred in refusing to admit some paper, which he asserts, without support in the record, would have established that he was not released from the Texas State penitentiary until after the crimes of which he was found guilty had been committed. No explanation is offered for appellant's failure to appeal.

Criminal Procedure Rule 1 was not designed to permit review of mere error in the conduct of a trial and it is not a substitute for a direct appeal. *Clark* v. *State,* 255 Ark. 13, 498 S.W. 2d 657. The rule permits review only to determine whether a sentence is subject to collateral attack for violation of constitutional rquirements or statutory enactments or for other such reasons. *Thacker* v. *Urban,* 246 Ark. 956, 440 S.W. 2d 553. Even if we should hold that the paper (of which no proffer was made[1]) was admissible, either as an official document or a business record (and we do not) this would not afford any basis for relief under our rule governing post-conviction relief. Errors in ruling on competency of evidence are not a basis for collateral attack under Criminal Procedure Rule 1.

The judgment is affirmed.

---

[1] It is true that appellant's counsel asked to be permitted to introduce this paper, but no proffer was made for the record, so it is impossible for us to know its content or review the court's ruling, even if it were otherwise admissible. See *Cy Carney Appliance Co.* v. *True,* 226 Ark. 961, 295 S.W. 2d 768, 61 A.L.R. 2d 1264; *Arkansas State Life Ins. Co.* v. *Allen,* 166 Ark. 490, 266 S.W. 449; *T. J. Ellis & Co.* v. *Farrell,* 146 Ark. 274, 225 S.W. 349.