Evelyn Jean WARREN *v.*
STATE of Arkansas

CR 76-209                                            547 S.W. 2d 392

Opinion delivered February 28, 1977
(Division II)

*Thomas G. Montgomery*, for appellant.

*Bill Clinton*, Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant Evelyn Jean Warren was convicted of the crime of robbery with a firearm by a jury on February 21, 1975, and sentenced to a term of 5 years for the offense of robbery and 10 years for the use of a firearm in the commission of a felony. Judgment subsequently was entered and appellant failed to timely file her appeal. On November 10, 1975, this Court denied appellant's motion for Rule on the Clerk to file transcript but granted her the right to proceed under Rules of Crim. Proc., Rule 1 (1976) (now Criminal Rule 37) for post-conviction relief. On August 20, 1976, the trial court issued its order denying relief under Rule 1. It is from this denial appeal is taken.

For reversal appellant first contends the trial court erred in allowing the victim to identify her at trial. Randy Williams, the prosecuting witness, testified that on September 7, 1974, at approximately 9 p.m. while on his way home he stopped behind two other cars at a stop sign in West Memphis. Williams stated that while he was stopped appellant walked up to his car, tapped on his window and demanded money. The witness testified the intersection was well lighted and that he rolled down the window, whereupon appellant pulled a gun on him and threatened to "blow his head off" if he did not give her money. Being extremely frightened appellant gave her $20 which he saw her put in a small coin purse she kept inside a larger purse, then she laughed and walked away.

Williams further testified he has 20/20 vision and that since the area was well lighted and appellant was standing only a foot or so away from him he got a good look at her for a

minute to a minute and a half and was able to give a detailed description to the police. From this good description the police were able to locate appellant within a few hours. Williams stated he next saw appellant the morning following this incident at the police station and that when he saw her she was wearing the same clothes worn when she robbed him the evening before. He further stated he was absolutely positive appellant was the person who robbed him and so identified her to the police.

Subsequently Williams identified appellant at trial, but no mention was made of the pre-trial identification at the police station. Appellant contends this was unconstitutional because she had no counsel at the police station and because there was no hearing prior to trial to determine the validity of her waiver of counsel or the identification. This was not error since defendant had not at that time been charged with a crime. A person's right to counsel attaches only when adversary proceedings have been brought against the party. *Kirby v. Illinois*, 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411 (1972).

Furthermore, appellant's counsel did not make the motion to suppress until minutes before trial, and the motion was not accompanied by a statement of legal reasons therefor. Thus there was no compliance with Rule 2 of the Uniform Rules for Circuit, Chancery and Probate Courts which requires filing of motions such as this 10 days before trial. Under the circumstances here it was not error to deny the motion since counsel for appellant had been appointed more than two months prior to trial. Moreover, appellant's counsel made no objection when the victim identified Ms. Warren at the trial. We also note that appellant knowingly signed a waiver of right to counsel prior to the pre-trial identification.[1]

Here, it is clear under the totality of the circumstances there was no substantial likelihood the prosecuting witness misidentified appellant as his robber, since (1) the witness

---

[1] This Court now requires an in-chambers hearing on the admissibility of pre-trial identifications; such requirement did not exist at the time of this trial in 1975. See *Wright and Southerland* v. *State*, 258 Ark. 651, 528 S.W. 2d 905 (1975).

had an excellent opportunity to view appellant during the commission of the crime; (2) the witness paid a great deal of attention during the crime; (3) he gave a most accurate description of appellant to the police, noting her unusual facial characteristic, i.e., the broken or missing tooth; and (4) the witness was most certain and positive of his identification of appellant.

Appellant's next two allegations of error deal with the admissibility of certain evidence during the course of the trial. We find these contentions without merit. In *Swisher* v. *State*, 257 Ark. 24, 514 S.W. 2d 218 (1974), we said:

> Criminal Procedure Rule 1 was not designed to permit review of mere error in the conduct of a trial and it is not a substitute for a direct appeal. *Clark* v. *State*, 255 Ark. 13, 498 S.W. 2d 657. The rule permits review only to determine whether a sentence is subject to collateral attack for violation of constitutional requirements or statutory enactments or for other such reasons. * * * Errors in ruling on competency of evidence are not a basis for collateral attack under Criminal Procedure Rule 1.

See also *Thacker* v. *Urban*, 246 Ark. 956, 440 S.W. 2d 553 (1969); and *Clark* v. *State*, 255 Ark. 13, 498 S.W. 2d 657 (1973).

Appellant also challenges the sufficiency of the evidence. The testimony of Williams has already been detailed above, and Officer Covington testified that following the robbery he was given a description of the robber, and from this description he found and arrested appellant at 4:30 the morning following the incident. Clearly this evidence was more than sufficient to present a question of fact for the jury, and we do not disturb its findings on a fact issue unless there is no substantial evidence to support the verdict. *Inklebarger* v. *State*, 252 Ark. 953, 481 S.W. 2d 750 (1972).

Appellant's petition alleges that she remained in jail for a period of approximately three months and two weeks awaiting trial due to the fact that she was an indigent and unable to make bond.

We find appellant is entitled to credit for the time spent in jail prior to trial. The record reflects appellant was arrested and committed to jail on September 8, 1974, and was not released until about December 19, 1974, when her trial was rescheduled for February 21. The court found that appellant did not prove the time in jail was spent because of indigency. We cannot agree.

Immediately prior to sentencing the court stated:

*Not being able to employ Counsel,*[2] Evelyn Jean, the Court appointed Mr. Jacobi to represent you. * * * (Italics supplied.)

The prosecuting attorney stated he would not oppose the allowance of jail time. Under these circumstances we find credit for jail time should have been allowed.

Affirmed as modified.

We agree. HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.

---

[2]As to presumption of indigency when counsel has been appointed, see *Gross* v. *Bishop,* 273 F. Supp. 992 (1967).