595 S.W.2d 934 (1980)
DeWayne HULSEY, Petitioner,
v.
STATE of Arkansas, Respondent.
No. CR76-125.
Supreme Court of Arkansas.
March 31, 1980.
Rehearing Denied June 9, 1980.
*935 Matthew T. Horan, Fayetteville, Steve Clark, Atty. Gen. by Ray Hartenstein, Asst. Atty. Gen., Little Rock, for respondent.
Latham & Watkins, Los Angeles, Cal., for petitioner.
Rehearing Denied June 9, 1980. See 599 S.W.2d 729.
GEORGE ROSE SMITH, Justice.
In November, 1975, the petitioner, De-Wayne Hulsey, was convicted of capital felony murder in the death of John Easley, Jr., a service station attendant in St. Francis county. According to the proof at the trial, Hulsey killed Easley, in the course of robbery, by shooting him seven times while Easley was unarmed and comparatively helpless. The jury imposed the death sentence. We upheld the conviction and the sentence, rejecting many assertions of reversible error. Hulsey v. State, 261 Ark. 449, 549 S.W.2d 73 (1977), cert. den. 439 U.S. 882,99 S.Ct. 220, 58 L.Ed.2d 194 (1978).
On January 24, 1980, Hulsey filed the present petition for postconviction relief under Criminal Procedure Rule 37.2, seeking permission to proceed further in the circuit court of St. Francis county. The petition is unusual in that it does not raise any questions of fact nor ask for any sort of evidentiary hearing in the trial court. To the contrary, counsel readily conceded at the oral argument that the petition raises only questions of law and that the petitioner does not propose to offer any testimony with respect to those questions.
In most respects this petition misconceives the purpose of Criminal Procedure Rule 37 and of its predecessor, which was adopted in 1965 as Criminal Procedure Rule 1. 239 Ark. 850a. This postconviction remedy was not intended to provide a method for the review of mere error in the conduct of the trial or to serve as a substitute for appeal. Clark v. State, 255 Ark. 13, 498 S.W.2d 657 (1973). As the Rule itself states, it affords a remedy when the sentence was imposed in violation of the Constitution or laws of the United States or of this state or "is otherwise subject to collateral attack." Rule 37.1; Swisher v. State, 257 Ark. 24, 514 S.W.2d 218 (1974); Thacker v. Urban, 246 Ark. 956, 440 S.W.2d 553 (1969); Clark v. State, 242 Ark. 584,414 S.W.2d 601 (1967). In the case at bar the petitioner for the most part seeks to use Rule 37 as a basis for filing what is in substance a petition for rehearing, almost three years after the delivery of our opinion on the original appeal. Moreover, the present petition is based entirely upon the record that was before us on that appeal and seeks to raise questions that could have been presented to us then, had they been properly raised below.
In one respect, the petition may be proper and timely. That is, it asserts that the original death sentence was void, because one of the prospective jurors, Mary L. Creamer, was excused in violation of the rule announced in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). There is language in that case, and in the later case of Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969), suggesting that a death sentence cannot be permitted to stand if a juror was excused in violation of the Witherspoon principle, which is: A venireman's opposition to capital punishment does not disqualify him unless he would automatically vote against the imposition of capital punishment no matter what the trial might reveal. If the sentence now before us is void, then a collateral attack is expressly permissible under Rule 37.1 and may be initiated, as here, more than three years after the defendant's commitment. Rule 37.2 as amended; Ark. Stat.Ann., Vol. 4A (Supp.1979).
*936 It does not appear, however, that the trial court's decision to excuse Mrs. Creamer for cause was a violation of Witherspoon. This juror equivocated repeatedly about her willingness to vote for or against the death penalty, but her final position was expressed in her answer to the prosecuting attorney's last question to her:
Q. Now, what I'm trying to find out, even though you think he is guilty, would you automatically vote against the imposition of the death penalty without regard to any evidence that might develop in the trial of this case?
A. I believe I would, yes, sir, because I don't want to take a life.
The juror was then excused, without objection by the defense.
The trial judge had the opportunity to observe the juror as she answered questions on voir dire. The judge was in a position to weigh her somewhat contradictory assertions in order to determine, as he did, whether she was qualified under the rule of Witherspoon. We find that the trial judge was justified in excusing the juror.
The petitioner presents a number of other questions that either were passed upon in our first opinion or might have been raised at the trial or upon the record on the first appeal. Among the questions not expressly decided on the first appeal, the principal ones now argued are: (1) The Eighth and Fourteenth Amendments were violated by the jury's consideration of pecuniary gain as an aggravating circumstance after they had already found Hulsey guilty of felony murder in the perpetration of robbery; (2) the prosecutor's argument about the brutality of the crime presented an impermissible aggravating circumstance to the jury; (3) Act 438 of 1973, § 12, under which Hulsey was convicted, was unconstitutional in that it did not expressly permit the jury to consider every possible mitigating circumstance (even though the court's instructions permitted the jury to consider mitigating circumstances other than those listed in the statute, and the jury actually found one such circumstance); and (4) the case should have been submitted to the jury under Act 280 of 1975, § 1302 (Ark.Stat.Ann. § 41-1302 Repl.1977), which required the jury to find beyond a reasonable doubt that the aggravating circumstances outweighed the mitigating ones (even though that act did not become effective until January 1, 1976, which was after Hulsey's trial).
All these questions, and doubtless scores of others, might have been raised at the trial and thereafter on the first appeal, but they were not. Although they are argued as constitutional questions, they do not raise issues so fundamental as to render the sentence and the judgment void and open to collateral attack. Such constitutional questions are waived if not raised in accordance with the controlling rules of procedure. Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972); Stembridge v. Georgia, 343 U.S. 541, 72 S.Ct. 834, 96 L.Ed. 1130 (1952); Williams v. Edmondson, 257 Ark. 837, 250 S.W.2d 260 (1975); Orman v. Bishop, 245 Ark. 887, 435 S.W.2d 440 (1968). In this court, contentions not argued by the appellantin this instance on the first appealare waived. Sarkco v. Edwards, 252 Ark. 1082, 482 S.W.2d 623 (1972). Judgments in criminal cases must have stability and finality, else they could never be carried into effect. Under our long established procedure it is simply too late for the present contentions to be raised.
Petition denied.