Paul RUIZ & Earl DENTON *v.* STATE of Arkansas

CR 80-147                                               630 S.W. 2d 44

Supreme Court of Arkansas
Opinion delivered March 29, 1982

*Sandra Trawick Berry,* for appellants.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., and *Dennis R. Molock,* Deputy Atty. Gen., for appellee.

PER CURIAM. Petitioners Paul Ruiz and Earl Denton were convicted of capital murder in the Circuit Court of Logan County and sentenced to death. On appeal, we reversed the trial court's denial of a change of venue. *Ruiz & Denton v. State,* 265 Ark. 875, 582 S.W. 2d 915 (1979). On remand, the case was transferred to the Circuit Court of Conway County where verdicts of guilt were again returned and sentences of death imposed. We affirmed. *Ruiz & Denton v. State,* 273 Ark. 94, 617 S.W. 2d 6 (1981).

There is no need to recite the facts of this case since they are fully set out in the two previous decisions of this Court. Ruiz and Denton have now filed a petition for permission to proceed in circuit court for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37. The petition was amended on February 16, 1982.

Rule 37 affords a remedy when the sentence in a case was imposed in violation of the constitution of the United States or of this State or "is otherwise subject to collateral attack." Rule 37.1; *Swisher v. State,* 257 Ark. 24, 514 S.W. 2d 218 (1974); *Thacker v. Urban,* 246 Ark. 956, 440 S.W. 2d 553 (1969); *Clark v. State,* 242 Ark. 584, 414 S.W. 2d 601 (1967). Rule 37 was not intended to provide a method for the review of mere error in the conduct of the trial or to serve as a substitute for appeal. *Swindler v. State,* 272 Ark. 340, 617

S.W. 2d 1 (1981); *Clark* v. *State,* 255 Ark. 13, 498 S.W. 2d 657 (1973). Even questions of constitutional dimension are not preserved beyond the direct appeal unless they present questions of such fundamental nature that the judgment is rendered void. *Swindler,* supra; *Hulsey* v. *State,* 268 Ark. 312, 595 S.W. 2d 934, reh. denied, 268 Ark. 315, 599 S.W. 2d 729 (1980). See also *Collins* v. *State,* 271 Ark. 825, 611 S.W. 2d 182 (1981) and *Rogers* v. *State,* 265 Ark. 945, 582 S.W. 2d 7 (1979). The grounds for relief presented by petitioners are alleged to raise issues so fundamental as to render the judgment void and open to collateral attack, but the issues were not raised in accordance with controlling rules of procedure and must be considered waived. See *Moore* v. *Illinois,* 408 U.S. 786 (1972); *Stembridge* v. *Georgia,* 343 U.S. 541 (1952); *Hulsey,* supra; *Williams* v. *Edmondson,* 257 Ark. 837, 250 S.W. 2d 260 (1975); *Orman* v. *Bishop,* 245 Ark. 887, 435 S.W. 2d 440 (1968).

Even though we find no ground for relief sufficient to render the judgment void, we will discuss the issues raised by petitioners since their first argument has never been raised before this Court. Petitioners allege that the Arkansas death penalty statute is "facially unconstitutional since it discourages assertion of the Fifth Amendment right not to plead guilty and penalizes exericse of the Sixth Amendment right to trial by jury." Petitioners argue that under Ark. Stat. Ann. § 41-1302 (1) (Repl. 1977) only the jury may impose the death penalty, thus creating a situation whereby a defendant can be assured of escaping execution only by waiving his right to a jury trial. As authority for their assertion that the statute places a chilling effect on a defendant's constitutional right to trial by jury, petitioners cite *United States* v. *Jackson,* 390 U.S. 570, 88 S. Ct. 1209 (1968). *Jackson,* however, is not controlling.

The statute under attack in *Johnson* was the Federal Kidnapping Act which provided that interstate kidnappers "shall be punished (1) by death if the kidnapped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the dath penalty is not imposed." The District Court held the death penalty clause of the act

unconstitutional because it made the death penalty applicable only to those defendants who asserted their right to a trial by jury. The United States Supreme Court upheld the District Court but the holding in *Jackson* has been eroded in recent decisions. Furthermore, we find that Ark. Stat. Ann. §§ 41-1301 — 1304 (Repl. 1977), which sets forth the procedures governing jury trials for persons charged with capital murder, does not place an impermissible burden on the exercise of the constitutional right to trial by jury. § 41-1302 provides that the jury shall impose a sentence of death if it returns certain written findings, but, unlike the court in *Jackson,* the trial judge is not required to impose the death penalty in every case in which the jury verdict prescribes it. *Collins* v. *State,* 261 Ark. 195, 548 S.W. 2d 106 (1977).

Arkansas Criminal Procedure Rule 31.4, Ark. Stat. Ann. Vol. 4A (Repl. 1977), provides:

> No defendant charged with a capital felony may waive either trial by jury on the issue of guilt or the right to have sentence determined by a jury unless:
> (a) the court in which the cause is to be tried determines that the waiver is voluntarily and freely proffered without compulsion or coercion; and
> (b) the prosecuting attorney, with the permission of the court, *has waived the death penalty;* and
> (c) the prosecuting attorney has assented to the waiver of trial by jury, and such waiver has been approved by the court.

Petitioners assert that this statutory scheme causes a defendant to abandon his right to a jury trial in return for the assurance that he will not receive the death penalty. Petitioners ignore, however, the fact that the prosecutor must waive the death penalty with the permission of the court before the defendant may waive either trial by jury on the issue of guilt or his right to have sentence determined by a jury. There is no right to plead guilty or right to trial to the court, and petitioners are in error when they suggest that anything which may encourage a defendant to plead guilty is automatically suspect. Although petitioners do not men-

tion plea bargaining, plea bargaining clearly encourages a defendant to waive a jury trial, but it is well settled that a plea bargain is not invalid per se merely because it is induced by fear of receiving the death penalty or because in agreeing to the plea bargain the defendant averts the possibility of receiving the death penalty. *Brady* v. *United States*, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). The United States Supreme Court stated in *Corbitt* v. *New Jersey*, 439 U.S. 212, 99 S. Ct. 492, 58 L. Ed. 2d 466 (1978) (Stevens, Brennan and Marshall, JJ., dissenting):

> The cases in this court since *Jackson* have clearly established that not every burden on the exericse of a constitutional right and not every pressure or encouragement to waive such a right, is invalid. Specifically, there is no per se rule against encouraging guilty pleas. We have squarely held that a State may encourage a guilty plea by offering substantial benefits in return for the plea. *Corbitt*, at 218.

The fact that a defendant agrees to waive trial by jury on the issue of guilt or the right to have guilt determined by a jury because the court and state will waive the death penalty does not chill an accused's right to a jury trial. Rule 31.4 offers a protection for the accused who wishes to avoid a jury trial. It is difficult to see how petitioners were prejudiced by the procedural guidelines of which they complain. They do not claim that they wished to waive a jury trial but did not seek to do so because of the provisions which give the state the discretion to waive the death penalty with approval of the court. Indeed, such an argument would suggest that the petitioners wished to have the right to be sentenced to death without a jury. The death penalty under Arkansas statutes has been consistently held constitutional, *Hulsey* v. *State*, 261 Ark. 449, 549 S.W. 2d 73 (1977); *Neal* v. *State*, 261 Ark. 336, 548 S.W. 2d 135 (1977); *Collins* v. *State*, 261 Ark. 195, 548 S.W. 2d 106, cert. den., 434 U.S. 977 (1977), and petitioners have not presented a valid attack to its constitutionality in their petition.

Petitioners' second allegation is ineffective assistance of counsel stemming from their joint representation by the

same counsel during the penalty phase of trial. The record indicates that the petitioners were specifically questioned as to whether counsel had discussed a possible conflict of interest in joint representation. They each answered that they were so informed and had no objection to joint representation. Petitioners have offered no facts to support their allegation that their acquiescence was not intelligently and voluntarily given.

Petitioners argue that they were prejudiced by being co-defendants during the penalty phase because the jury was unable to discern the distinctions made between the two men and thus found no mitigating circumstances. No specific evidence of prejudice is provided. The jury was given separate verdict forms and instructed to decide separately as to each defendant. Petitioners have not demonstrated that the jury did not follow that instruction.

Petitioners cite the standard of review of the Eighth Circuit Court of Appeals on the issue of ineffective assistance of counsel. This Court, however, has adopted a somewhat different standard. We hold that there is a presumption of effective assistance of counsel and that a petitioner must overcome that presumption and show he was prejudiced by the conduct of counsel. A petitioner must also show by clear and convincing evidence that the prejudice which resulted from the representation of trial counsel was such that he did not receive a fair trial. *Blackmon* v. *State*, 274 Ark. 202, 623 S.W. 2d 184 (1981). Petitioners have not demonstrated that they were denied a fair trial.

Petition denied.