Jerome Allen BARGO, Terry Gene HOWELL, Gary MORSE, et al *v.* A. L. LOCKHART, Director, Arkansas Department of Correction, and Steve CLARK, Attorney General

CR 82-143                                   650 S.W.2d 227

Supreme Court of Arkansas
Opinion delivered May 9, 1983

Appellants, *pro se.*

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellees.

RICHARD B. ADKISSON, Chief Justice. Appellants, Jerome Allen Bargo, Terry Gene Howell, and Gary Morse filed a petition for writ of habeas corpus with the Lincoln County Circuit Court wherein they challenged the determination of their parole eligibility date by the Arkansas Department of Correction. The trial court dismissed, and on appeal we affirm.

The relevant facts can be summarized as follows: Appellants had all been convicted of various offenses and

were serving time in the Department of Correction. In 1979 appellants were convicted and given additional sentences for escape. Appellant Bargo was given a six-year sentence to run concurrent with his original five-year sentence. Appellants Howell and Morse were given four-year sentences to run consecutive to their original 21 and 18-year sentences respectively.

Sometime after these escape convictions the Department of Correction informed appellants that their parole eligibility would now be determined under the more stringent provisions of Ark. Stat. Ann. § 43-2829 (Repl. 1977 rather than Ark. Stat. Ann. § 43-2807 (Repl. 1977), which had governed their original sentences. Appellants responded by filing this petition.

We must first decide whether a writ of habeas corpus is the appropriate method to challenge the determination of appellants' parole eligibility, and we conclude that it is not. Habeas corpus petitions are restricted to the questions of whether the petitioner is in custody pursuant to a valid conviction or whether the convicting court had proper jurisdiction. *Mitchell* v. *State*, 233 Ark. 578, 346 S.W.2d 201 (1961).

Furthermore, in the similar case of *Webb* v. *Bishop*, 242 Ark. 320, 413 S.W.2d 862 (1967) we held that a habeas corpus petition was not the correct way to attack a revocation of parole. "Such an attack must be by direct proceeding and not collateral, as was attempted by appellant Webb." *Webb*, *supra*, See also *Davis* v. *Mabry*, 266 Ark. 487, 585 S.W.2d 949 (1979) where this Court ruled upon an inmate's parole eligibility date after he had filed a "petition for declaratory judgment and mandamus" in circuit court.

The trial court's dismissal of appellants' writ of habeas corpus is affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. These appellants sought the same relief we granted in *Davis* v. *Mabry*, 266 Ark.

487, 585 S.W.2d 949 (1979). We granted relief to Davis, who filed a petition in the circuit court which was described as a petition for declaratory judgment and mandamus. The petition named the Director of the Department of Corrections and members of the parole board as respondents and sought to force a hearing on parole consideration. The circuit court denied the petition as it did in the case before us. We reversed there as we should do in this case. In *Davis* we stated:

> There is no doubt that a parole statute less favorable to one who had been sentenced prior to its passage than the parole law existing at the time of his sentencing would be unconstitutional as an ex post facto law, in violation of Art. 2, § 17 of the Constitution of Arkansas . . . We hold that the parole law which governed . . . on the date appellant was sentenced . . . is the statute to be applied to appellant's application for parole, if the application of a later statute would operate seriously to his disadvantage, as Act 93 of 1977 would, in this case . . .

Each of the present petitioners was serving a sentence prior to being sentenced for escape from that confinement. They would have been entitled to a hearing on their parole eligibility at a fixed time. However, being sentenced after Act 93 of 1977 was passed they are not now eligible for parole on the dates they would have been considered had they not been sentenced for escape. A more clear and distinct *ex post facto* application could not be found. It does not matter that petitioners may not make parole because of subsequent activities. They are nevertheless entitled to be considered on the dates they would have been considered without passage of Act 93. This is the same act we considered in *Davis* v. *Mabry, supra.*

The majority opinion does not reach the argument presented by appellants but instead denies relief on the ground that appellants, who are acting *pro se,* placed the wrong title on their petition. This is not only a waste of judicial time it is a denial of a substantial right of the appellants. We have treated a petition as amended to conform with the intention of petitioner. *Walker* v. *State,*

251 Ark. 182, 471 S.W.2d 536 (1971). In *Walker* we said, "Criminal Rule 1 was adopted, not only to afford post-conviction relief where no established procedure existed, but to avoid technical niceties in existing procedures." On an occasion where a petitioner failed to verify his petition as required under Rule 1, his petition was denied by the trial court at least partially on the failure to verify. On appeal we reversed and directed the trial court to consider the petition after allowing verification. *Clark* v. *State*, 242 Ark. 584, 414 S.W.2d 601 (1967). We have not heretofore been bothered by the name of the pleading but instead looked to substance rather than to form.

The majority opinion denies petitioners' right to a parole hearing simply because it was called a petition for a writ of habeas corpus rather than a petition for declaratory judgment or for a writ of mandamus. I cannot be a part of such a waste of time and expense. Furthermore, I am of the opinion that a petition for a writ of habeas corpus is proper. It is the instrument by which relief is sought in federal courts upon the same factual situation.