Betty **FERKEL,** Plaintiff-Respondent,

v.

**BI–STATE TRANSIT DEVELOPMENT AGENCY,** Defendant-Appellant.

No. 47832.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 30, 1984.

Rehearing Denied Dec. 5, 1984.

Application to Transfer Denied
Jan. 15, 1985.

David Lupo, St. Louis, for plaintiff-respondent.

Donald Bird, St. Louis, for defendant-appellant.

SMITH, Presiding Judge.

Defendant, Bi-State Transit Development Agency, appeals from a judgment of $5000 against it based upon a jury verdict. We reverse.

Plaintiff sustained injuries when the bus upon which she was riding went out of control after the driver collapsed from a fatal heart attack. The evidence established that the driver had no prior history of heart trouble. He had taken annual physical examinations required by the U.S. Department of Transportation which included an electrocardiogram and chest X-rays. These examinations showed no physical impairments or heart problems. The particular physical problem which caused the attack and almost simultaneous death (narrowing of the left anterior descending artery) can be diagnosed only through utilization of a catheter into the heart muscle which diagnostic technique carries significant dangerous side effects including death. It is, therefore, utilized only with patients having a history of heart trouble. This physical condition is a common cause of sudden or instantaneous death without prior symptoms. Plaintiff's only evidence of forewarning was that while stopped for a traffic light immediately prior to collapse the driver was sweating and mopped his brow and rested his head on the steering wheel. When the light changed he raised his head up and continued driving until he collapsed seconds later. The weather was hot and the bus air-conditioning was not working. The medical testimony was that sweating on a hot bus on a hot day was not a forewarning of an impending heart attack.

The cause was submitted to the jury on an instruction sounding in contract which premised recovery upon plaintiff's failure to reach her destination safely. It required no finding of negligence by defendant or its agent.

Plaintiff seeks to uphold the judgment upon the premise that defendant breached its implied contract to safely transport plaintiff to her destination. This theory allegedly is based upon *Williams v. Illinois Central R. Co.*, 229 S.W.2d 1 (Mo. 1950) which holds, "that a passenger *injured through the negligence of a carrier*

may proceed either upon the contract *alleging the careless or negligent acts* of the defendant as a breach of the contract of transportation, or proceed in tort and make the carelessness and negligence of the carrier the ground of his right of recovery." [1, 2]. (Emphasis supplied) As that case points out, it is generally immaterial whether the cause is upon contract or tort. If in fact there are two distinct theories, the duty of the carrier is the same under either—it must exercise the highest degree of care to safely transport its passenger to his destination. It is not, however, an insurer of the safety of the passenger. It does not guarantee such safe transport. *Bass v. Bi-State Development Agency,* 661 S.W.2d 609 (Mo.App.1983) [2, 3]; *Jackson v. Bi-State Transit System,* 550 S.W.2d 228 (Mo.App.1977) [4, 5]. Plaintiff misconceives the duty of the carrier whether recovery is premised in contract or tort.

 Fainting or momentary loss of consciousness while driving is a complete defense to an action based on negligence if such loss of consciousness is not foreseeable. *Reece v. Reed,* 326 S.W.2d 67 (Mo. 1959) [4]. So is permanent loss of consciousness. The only evidence in this record is that the driver was in apparent good health and had no forewarning of his heart attack. He was required by defendant to take annual physical examinations, and had successfully passed such examinations. The attack was not foreseeable and plaintiff failed to establish any breach of duty by defendant. She failed to make a submissible case.

Judgment reversed.

SNYDER and SATZ, JJ., concur.