**James F. WILSON, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 91–1862.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 24, 1991.

Decided Nov. 27, 1991.

James F. Wilson, appellant pro se.

Before ARNOLD, BEAM, and LOKEN, Circuit Judges.

ARNOLD, Circuit Judge.

James F. Wilson, an Arkansas inmate, appeals from the District Court's [1] order dismissing his complaint filed under 42 U.S.C. § 1983 challenging his parole eligibility date. We affirm.

■ We agree with the District Court that Wilson was challenging the length of his confinement, his sole federal remedy was a writ of habeas corpus, and he had not exhausted his state remedies as required under 28 U.S.C. § 2254. See *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841–42, 36 L.Ed.2d 439 (1973). Accordingly, we affirm the District Court's dismissal without prejudice of Wilson's complaint.

Petitioner points out, correctly, that the result of a decision in his favor would not necessarily be an earlier release from confinement. Rather, he would simply become eligible for parole sooner. We recognize that this situation is not directly covered by *Preiser.* However, in *Blair–Bey v. Nix,* 919 F.2d 1338 (8th Cir.1990), *cert. denied,* — U.S. ——, 112 S.Ct. 275, 116 L.Ed.2d 227 (1991), we applied *Offet* to a case involving the loss of good-time credits by a prisoner, even though he was serving a life sentence without possibility of parole. The chance that his sentence might be commuted to a term of years was enough, we said, "so that a federal court should not

---

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern and Western Districts of Arkansas, adopting the recommendation of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

'deprive a state court system of the first opportunity to address the merits of the underlying constitutional issue.'" *Id.* at 1339 (quoting *Offet v. Solem,* 823 F.2d 1256, 1258 (8th Cir.1987)). The present case falls within this principle. In fact, it may be a stronger case for the application of *Offet,* because the chances of parole are normally greater and more definite than the chances of executive clemency.

Petitioner also points out that in the Arkansas state courts a writ of habeas corpus is not the appropriate method to challenge parole eligibility. Petitioner relies on *Bargo v. Lockhart,* 279 Ark. 180, 650 S.W.2d 227 (1983), which held that "[h]abeas corpus petitions are restricted to the questions of whether the petitioner is in custody pursuant to a valid conviction or whether the convicting court had proper jurisdiction." *Id.* at 181, 650 S.W.2d at 228. While similar in many respects, writs of state and federal habeas corpus are two different remedies available in two separate jurisdictions. The characterization and application by Arkansas of its writ of habeas corpus has nothing to do with the characterization of federal lawsuits as habeas corpus for purposes of the exhaustion-of-state-remedies requirement. Federal habeas corpus is governed by federal statute and federal case law.

Accordingly, the judgment of the District Court, dismissing the petition without prejudice for failure to exhaust state remedies, is affirmed.