# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4179

_____

Scott A. Benke,                   *
                                   *

        Appellant,      *
                                   *

        v.                 *  Appeal from the United States
                                   *  District Court for the
Larry Norris, Director, Arkansas    *  Eastern District of Arkansas.
Department of Correction; Arkansas  *
Post-Prison Transfer Board,       *       [UNPUBLISHED]
                                   *

        Appellees.      *

_____

Submitted: September 7, 2000

Filed: September 13, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
      Judges.

_____

PER CURIAM.

      Scott A. Benke, an Arkansas inmate, appeals from the district court's[1] dismissal without prejudice of his 42 U.S.C. § 1983 action. We agree with the district court that

___

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

Mr. Benke, in challenging the requirement that he complete the Therapeutic Community Program as a condition for parole, is in fact seeking release or a shortening of the duration of his confinement, and thus must pursue the matter by filing a petition for habeas corpus relief.  See Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling); Wilson v. Lockhart, 949 F.2d 1051, 1051-52 (8th Cir. 1991) (challenge which would result, if successful, only in earlier eligibility for parole and not necessarily earlier release, should nonetheless be brought as habeas petition); Offet v. Solem, 823 F.2d 1256, 1257-59 (8th Cir. 1987) (no difference exists between effect of federal judgment directly releasing inmate and one leaving state court no choice but to order same). Because Mr. Benke has not claimed--much less proven--that he has exhausted his available state remedies, dismissal without prejudice was appropriate.  See 28 U.S.C. § 2254(b)(1)(A) (court shall not grant writ of habeas corpus unless applicant has exhausted remedies available in state court system); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (§ 2254 petitioner has burden to show all available state remedies have been exhausted or exceptional circumstances exist).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-