Tywanna MARTIN *v.* STATE of Arkansas

CR 78-165                                        639 S.W.2d 738

Supreme Court of Arkansas
Opinion delivered October 11, 1982

Petitioner, *pro se.*

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for respondent.

PER CURIAM. Petitioner Tywanna Martin was convicted by a jury of capital murder and kidnapping. She was sentenced to life imprisonment without parole for murder and 20 years imprisonment for kidnapping. The sentences were ordered served consecutively. We affirmed. *Hallman & Martin* v. *State,* 264 Ark. 900, 575 S.W.2d 688 (1979).

Petitioner now seeks permission to proceed under Arkansas Criminal Procedure Rule 37 for postconviction relief.

Rule 37.2 (c) provides that a petition under Rule 37 must be filed within three (3) years of the date of commitment unless the ground for relief would render the judgment void. Petitioner was committed to the Arkansas Department of Correction on April 17, 1978. Her petition is therefore untimely unless we find a ground for relief alleged which would render the judgment for murder or kidnapping void. We find no such ground with regard to the murder conviction but do find reason to set aside the 20 year sentence for kidnapping.

Petitioner alleges that it was improper for her to be convicted and sentenced for capital murder and kidnapping since kidnapping was the underlying specified felony to the charge of capital murder. She asserts that the conviction violated the constitutional prohibition against double jeopardy.

This Court has held that when a criminal offense by definition includes a lesser offense, a conviction cannot be had for both offenses under Ark. Stat. Ann. § 41-105 (1) (a) (Repl. 1977). *Rowe* v. *State,* 275 Ark. 37, 627 S.W.2d 16 (1982); *Singleton* v. *State,* 274 Ark. 126, 623 S.W.2d 180 (1981); *Simpson* v. *State,* 274 Ark. 188, 623 S.W.2d 200 (1981); *Swaite* v. *State,* 272 Ark. 128, 612 S.W.2d 307 (1981). The statute provides:

(1) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense, if:

(a) one offense is included in the other as defined in subsection (2);

(2) A defendant may not be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(a) it is established by proof of the same or less than all the elements required to establish the commission of the offense (required to establish the commission of the offense) charged; or

(b) it consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or

(c) it differs from the offense charged only in the respect that a less serious risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

In proving the elements of capital murder, it is necessary to prove the elements of kidnapping. In light of our recent holdings in regard to Ark. Stat. Ann. § 41-105 (1) (a) in *Rowe, Singleton, Simpson* and *Swaite,* supra, we find that the trial court did not have the authority to convict petitioner of kidnapping. The judgment is therefore void, and, in accordance with Rule 37.1, we set aside petitioner's conviction and sentence for the lesser included offense of kidnapping. The conviction and sentence for capital murder are not disturbed.

Petitioner also raises six (6) allegations of ineffective assistance of counsel. None of the allegations is sufficient to render the judgment in petitioner's case void. Accordingly, they are untimely raised.

Petition granted in part and denied in part.