Kenneth Ray WHITE *v.* STATE of Arkansas

CR 82-106                                    642 S.W.2d 304

Supreme Court of Arkansas
Opinion delivered November 22, 1982

*Claude S. Hawkins, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. On November 14, 1976, appellant pleaded guilty to first degree murder and was sentenced to life imprisonment. On July 13, 1981, over four and one-half years later, he filed a handwritten petition for post-conviction relief pursuant to A.R.Cr.P. Rule 37. In it he alleged that his conviction should be set aside because (1) he was under age at the time of the crime, (2) he received misleading advice by his attorney, and (3) he was under the influence of drugs when the crime was committed. The trial court appointed an attorney to represent appellant and

scheduled a hearing. However, immediately before the hearing was to begin, the trial court asked the appellant if he was contending that he was too young to be tried or convicted of a crime at the time of the murder. Appellant responded negatively. The trial court then reexamined the pleadings and ruled that appellant was not entitled to a hearing and dismissed the petition. The basis of the holding was that the claim for post-conviction relief was barred by the three year limitation contained in A.R.Cr.P. Rule 37.2 (c) as there were no allegations which would render the conviction absolutely void. We affirm. Jurisdiction is in this court pursuant to Rule 29 (1) (e).

Appellant contends that the three year limitation was erroneously applied since he had not previously filed an appeal. We find no error. The limitation found in A.R.Cr.P. Rule 37.2 (c) is applicable whether or not there was an appeal. Of course, if the judgment was absolutely void the limitation does not apply. *Martin* v. *State,* 277 Ark. 175, 639 S.W.2d 738 (1982).

Appellant next contends that the trial court erred in dismissing his petition without a hearing to determine if the judgment of conviction was absolutely void. Again, we find no error.

Our procedure requires that the petitioner set forth facts from which it must appear he is entitled to discharge. *Bosnick* v. *State,* 275 Ark. 52, 627 S.W.2d 23 (1982). Jurisdictional facts must be pleaded to extend the period beyond the three year limitation. Appellant's petition stated only one ground, lack of age, which possibly could have rendered the judgment void. *See* Ark. Stat. Ann. § 41-617 (Supp. 1981). However, the allegation was waived and was no longer a viable issue when appellant stated in open court before the hearing commenced that he did not claim lack of age as a ground for relief. In addition, the issue is not argued on appeal.

Appellant also alleged "his court appointed attorney misled him in sentencing." This bare statement does not

constitute a pleading of fact sufficient to allege that the judgment of conviction is absolutely void.

The right to counsel in a State prosecution is guaranteed by the Sixth Amendment. *Gideon v. Wainwright*, 372 U.S. 335 (1963). No sentence involving loss of liberty can be imposed where there has been a denial of counsel. *Argesinger v. Hamlin*, 407 U.S. 25 (1972). Even when an accused is represented by counsel, the assistance he receives may be so lacking in competence that a denial of the Sixth Amendment protection will result. *Hawk v. Olson*, 326 U.S. 271 (1945). However, a bare allegation of "misleading advice" does not meet the standard of a sufficient factual allegation to obtain relief outside the period of limitations. It is so lacking in specificity that it does not even meet the strict standard to obtain relief within the period of limitations. As noted in Harvard Law Review:

> [I]f the defendant claims that his plea was prompted by erroneous advice from his counsel, it may be that he has misinterpreted remarks that amounted to no more than an educated guess as to the consequences of the plea. To avoid the difficulty of ascertaining the exact nature of conversations between counsel and client, the courts have generally been reluctant to entertain this type of claim unless it appears that counsel unqualifiedly and falsely represented that the state had accepted a plea bargain and that the defendant justifiably relied on the representation.

78 Harvard L. Rev. 1434 at 1441 (1965).

The allegation that he was under the influence of drugs at the time the crime was committed is barred by the three year limitation. Since appellant entered a plea of guilty he is precluded from raising this issue on a post-conviction proceeding. *Irons v. State*, 267 Ark. 469, 591 S.W.2d 650 (1980). Relief on this issue is not available by collateral attack to one who could have raised the issue before sentencing. *Coleman v. State*, 257 Ark. 538, 518 S.W.2d 487 (1975). This type of issue is significant only in relation to an allegation of ineffective assistance of counsel. *Irons v. State*,

*supra.* It is not that type of allegation of ineffective assistance of counsel that it would render a judgment of conviction absolutely void.

The trial judge was correct in upholding the three year limitation and denying the hearing because the appellant did not plead facts sufficient to render the judgment of conviction void.

Affirmed.