Owen ROBINSON, a Minor, By and Through His
Mother and Next Friend, Ella ROBINSON,
and Dwight RIVERS, a minor, By and Through His
Mother and Next Friend, Mayzellar ROBINSON
*v.* Anthony SHOCK, Superintendent,
Pine Bluff Training School

CR 83-120                    667 S.W.2d 956

Supreme Court of Arkansas
Opinion delivered April 23, 1984

*East Arkansas Legal Services,* by: *Charles Q. Grimm,* for appellants.

*Steve Clark,* Atty. Gen., by: *Elizabeth Dowling,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. By this appeal we are asked to decide whether habeas corpus is the proper remedy to obtain the release of juvenile offenders committed without legal counsel.

The two minors in this case were found to be juvenile delinquents by the Juvenile Court of Lee County, Arkansas and were committed to the Arkansas Department of Youth Services in Jefferson County for indefinite confinement. Neither juvenile was represented by counsel, nor was the right to counsel waived. After the time for appeal had run the mothers of the boys petitioned the Jefferson Circuit Court for a writ of habeas corpus. At a hearing on the petition the state stipulated that the two boys were denied counsel and that such denial was error, but argued that habeas was not the proper remedy and the trial court agreed. It found the order of commitment regular and valid on its face, that it was without jurisdiction to review the facts behind the order of commitment, and that the petitioners should seek post-conviction relief through the Juvenile or Circuit Court of Lee County  The state contends the question is now moot as both individuals have been released from custody. However, juvenile commitments are generally of short duration, making this question one that will tend to recur but evade review, and for that reason we will address the problem. See *Arkansas Television Co. v. Tedder,* 281 Ark. 152, 662 S.W.2d 174 (1983); *Shiras v. Britt,* 267 Ark. 97, 589 S.W.2d 18 (1979) and *Commercial Printing Co. v.*

*Lee,* 262 Ark. 87, 553 S.W.2d 270 (1977).

We have considered first the trial court's observation that relief should be sought under A.R.Cr.P. Rule 37 and find that course inappropriate. The scope of Rule 37 is set out in Rule 37.1, the pertinent part stating:

A prisoner in custody under sentence of a circuit court and whose case was not appealed to the Supreme Court . . .

A juvenile who has been adjudged delinquent and committed to Youth Services is not a "prisoner in custody," nor is he "under sentence by a circuit court." The provisions of the Juvenile Code, Ark. Stat. Ann. § 41-401, et seq, make this clear. Section 45-402 sets out the purpose of the act and states:

This Act shall be liberally construed to the end that its purposes may be carried out, to wit: That the care, custody, and discipline of juveniles shall approximate as nearly as possible that which should be given them by their parents. . . .That in cases of delinquency of juveniles in need of supervision, as far as practicable, the juvenile shall be treated not as a criminal, but as misdirected, misguided, and in need of aid, encouragement, assistance and counseling, and if such juvenile cannot be properly cared for and corrected in his own home with the assistance and help of a probation officer or other persons designated by the juvenile court, that he be placed in a suitable home, agency, institution, or other facility where he may be helped, educated, and equipped for useful citizenship.

The reading of other provisions in the code, including § 45-411.1, § 45-421 and § 45-436, which deal with the release of juveniles from custody, detention hearings and predisposition and disposition hearings, particularly when read with the stated purposes of the code, readily suggests the different treatment that is to be accorded juvenile offenders.

These statutes and others in the code, along with the stated purpose, implicitly direct that juvenile offenders are not to be treated as "prisoners in custody" or "sentenced" as adult offenders. Additionally, §§ 45-405 and 45-406 give original and exclusive jurisdiction of juvenile matters to the county courts, so that juvenile offenders are not "under sentence of a circuit court." The structure and purpose of the juvenile code, therefore, make it incompatible with relief within the scope of Rule 37, which contemplates the trial, conviction and sentencing of an adult prisoner under our criminal code.

We turn to the question of whether habeas corpus is the proper remedy in this situation. Although we have not dealt previously with the issue now presented, habeas corpus has been the traditional form of relief under circumstances where juveniles are concerned. See *State* v. *Ballard,* 209 Ark. 397, 190 S.W.2d 522 (1945); *State Dept. of Public Welfare* v. *Lipe,* 257 Ark. 1015, 521 S.W.2d 526 (1975)[1]. And generally, the writ will not be issued if the petitioner is in custody pursuant to a valid order, or under process regular on its face and the court making the commitment did not lack jurisdiction. See *Bargo, Howell, Morse, et al* v. *Lockhart and Clark,* 279 Ark. 180, 650 S.W.2d 227, (1983); *Mitchell* v. *State,* 233 Ark. 578, 346 S.W.2d 201 (1961). But as noted above, juvenile offenders are not adult offenders and are not treated as such. Although some overlapping occurs, the entire process and the purpose of the juvenile code set it apart from the criminal code and many of the considerations involved in dealing with juvenile offenders are significantly different. Therefore, what may constitute a valid order for an adult prisoner under our case law will not be facially valid where a juvenile offender in custody is involved. The constitutional right to counsel has been extended to juveniles, *In re. Gault,* 378 U. S. 1. (1967), and the juvenile code upholds that right in specific terms. Ark. Stat. Ann. § 45-413. When that right has been denied to the juvenile within the juvenile commitment process, then an order emanating from such a proceeding which does not reflect the fact that the juvenile was

---

[1]This writ has also been recognized as the traditional remedy for individuals committed to the state hospital. See *Von Luce* v. *Rankin,* 267 Ark. 34. 588 S.W.2d 445 (1979).

represented by legal counsel will not constitute a facially valid order.

This treatment of the problem is comparable to that followed when an individual committed to the state hospital, deprived of his or her liberty without due process, seeks redress through habeas. In *Rowlands* v. *Rogers,* 199 Ark. 1041, 137 S.W.2d 246 (1940) the petitioner was committed to the state hospital under commitment proceedings materially lacking in due process. We noted that ordinarily if a petitioner is in custody under process regular on its face, that nothing would be considered except the jurisdiction of the court. However, we went on to cite our habeas statute § 34-1733, which lists those instances when a prisoner can be discharged, and found the fourth case applicable:

Where the process, though in proper form, has been issued in a case, or under circumstances, not authorized by law.

We concluded by stating that the case came within that subdivision inasmuch as the order was issued under circumstances not authorized by law.

In reviewing habeas corpus, our case law has treated criminal cases differently than civil cases, or juvenile cases, which are quasi-criminal in nature. In criminal cases we have adhered more strictly to the principle that if the process is regular on its face, we will not look beyond the question of jurisdiction of the court. See *Bargo, supra; Mitchell, supra; Ex-parte Williams,* 99 Ark. 475 (1911). However, in the civil cases, such as *Rowlands,* we have not been so literal. The safeguards for due process and subsequent relief that have developed around the criminal process are not as available to the state hospital inmates, or the juvenile offender committed to the custody of the state. Consequently, in the furtherance of justice the courts have looked beyond the mere face of an order in determining its validity. When substantial due process has been denied and an individual has been deprived of his liberty, that deprivation must be

considered as an integral part of the order. Unless the legislature provides some other statutory relief for individuals incarcerated under circumstances such as the petitioner in *Rowlands* and the two juveniles in this case, habeas corpus remains, as it has been traditionally, the appropriate remedy.

We think it well to note that juvenile courts are courts of limited jurisdiction and may exercise only those powers expressly conferred upon them by law, the nature, extent and exercise of their jurisdiction being dependent on express constitutional or statutory provisions. *Jennings v. Ft. Smith Dist. of Sebastian Co.*, 115 Ark. 130, 117 S.W. 920 (1914); *Benton* v. *Thompson*, 187 Ark. 208, 58 S.W.2d 924 (1933); *County Board of Election Comm'rs of Lonoke Co.* v. *Waggoner*, 190 Ark. 341, 78 S.W.2d 821 (1935). We have held the judgments of such courts can be supported only by a record which shows jurisdiction, that no presumptions will be indulged in that jurisdiction exists. *Minetree v. Minetree*, 181 Ark. 111, 26 S.W.2d 101 (1930).

Reversed.

HICKMAN, J., dissents.