**Donald R. JEFFERS, Appellant,**

v.

**Willis SARGENT, Warden, Cummins Unit, Arkansas Department of Correction, Appellee.**

No. 87–1226.

United States Court of Appeals, Eighth Circuit.

Submitted March 15, 1988.

Decided March 22, 1988.

Walter G. Wright, Jr., Little Rock, Ark., for appellant.

Jack Gillean, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before BOWMAN, WRIGHT[*] and MAGILL, Circuit Judges.

## PER CURIAM.

In his second petition for habeas corpus relief, Jeffers argues that his state sentences for first degree murder and aggravated robbery constitute double jeopardy in violation of the Fifth Amendment to the United States Constitution. His arguments do not fall on deaf ears but on the wrong ears. The district court[1] denied relief. Because we conclude Jeffers' claim should be submitted to a state court, we dismiss his petition.

## BACKGROUND

In 1980, Jeffers pleaded guilty to first degree (felony) murder and aggravated robbery. He was sentenced to life imprisonment on the murder charge and 25 years on the robbery charge, to run consecutively.

In 1983, Jeffers filed a pro se habeas petition, alleging several grounds for vacating his sentences. One was that the sentences were in violation of the double jeopardy clause of the Fifth Amendment. Appointed counsel subsequently filed an amended petition, including the double jeopardy claim.

Jeffers had not raised the double jeopardy claim in state court. The state moved to dismiss the petition, based on *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), because it contained a mixture of exhausted and unexhausted state claims.[2] Jeffers' counsel responded by filing a second amended petition that deleted the unexhausted double jeopardy claim. That petition was eventually resolved against Jeffers.

In 1986, Jeffers filed his second habeas petition. Jeffers again alleged, pro se, that his consecutive sentences violated the double jeopardy clause. Because he had assistance of counsel, and raised and then withdrew this claim in his first petition, the Magistrate denied and dismissed this second petition under Rule 9(b) as an "abuse of the writ."

## ANALYSIS

Because the Magistrate's decision was based on documentary evidence, we may render independent judgment on the proper disposition of the present petition. *Johnson v. Mabry*, 602 F.2d 167, 170–171 (8th Cir.1979).

It was filed pursuant to 28 U.S.C. § 2254, which denies relief unless state court remedies have been exhausted.

Jeffers appears to have available an unexhausted state court remedy. *See Mar-*

---

[*] The HONORABLE EUGENE A. WRIGHT, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

[1.] The Honorable John F. Forster, Jr., United States Magistrate for the Eastern District of Arkansas.

[2.] In *Rose,* the Supreme Court held that "mixed petitions" must be dismissed, and warned that "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions." *Id.* at 510, 521.

*tin v. State,* 277 Ark. 175, 639 S.W.2d 738 (1982). In *Martin,* petitioner had pleaded guilty to capital (felony) murder and kidnapping. She was sentenced to life imprisonment without parole on the murder charge and 20 years on the kidnapping charge, to run consecutively. *Id.* She pursued post-conviction relief under (Arkansas) Rule 37, arguing that because kidnapping was the underlying felony supporting the felony-murder charge, her kidnapping conviction violated the double jeopardy clause of the Fifth Amendment. *Id.*

The Arkansas Supreme Court agreed that petitioner was entitled to post-conviction relief, even though the three year limitation period of Rule 37.2(c) had expired. The court concluded that under Arkansas law,[3] the trial court lacked authority to convict her for kidnapping because the kidnapping offense was subsumed in the felony-murder conviction. The kidnapping conviction was vacated as void. *Id.* at 738–739.

Based on *Martin,* we conclude that Jeffers has an unexhausted state court remedy available, and the petition must be denied. *See* 28 U.S.C. § 2254(b) and (c).

CONCLUSION

We affirm dismissal of Jeffers' petition. We need not decide whether Jeffers' second petition constituted "abuse of the writ" under Rule 9(b).

AFFIRMED.

---

**3.** *See, e.g.,* Ark.Stat.Ann. § 41–105; *Rowe v. State,* 275 Ark. 37, 627 S.W.2d 16 (1982); *Singleton v. State,* 274 Ark. 126, 623 S.W.2d 180 (1981); *Simpson v. State,* 274 Ark. 188, 623 S.W.2d 200 (1981); *Swaite v. State,* 272 Ark. 128, 612 S.W.2d 307 (1981).