**Early X. JOHNSON, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 90–1763.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 8, 1991.

Decided Aug. 12, 1991.

John Wesley Hall, Jr., Little Rock, Ark., for appellant.

Lynley Arnett, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and SACHS,* District Judge.

BOWMAN, Circuit Judge.

Early X. Johnson, a state prisoner, appeals from the order of the District Court[1] denying his petition for a writ of habeas corpus. We affirm.

On March 27, 1979, Johnson pleaded guilty in Arkansas to charges of aggravated robbery and theft of property. He was sentenced to a total of twenty-five years imprisonment with fifteen years suspended.[2] Four years later he filed a pro se habeas petition in Arkansas state court seeking clarification of his sentence, alleging that Arkansas's prison officials were interpreting his sentence incorrectly. The Arkansas court treated his petition as a motion under Rule 37 of the Arkansas Rules of Criminal Procedure and appointed counsel. Johnson's appointed post-conviction counsel then filed a Rule 37 petition seeking the same relief sought by Johnson in his pro se habeas petition. On September 14, 1983, the Arkansas court granted relief to Johnson but, in its order clarifying Johnson's sentence, the court erroneously concluded that Johnson's sentences had the "effect of one (1) 25 year sentence with 10 years suspended." Appellant's Appendix at A29 (Amended Judgment and Commit-

ment). Upon another motion by Johnson's post-conviction counsel, the Arkansas court issued an amendment to its September 14 order, vacating Johnson's conviction and sentence on the theft of property charge and correctly stating that fifteen years of Johnson's twenty-five year sentence on the aggravated robbery charge were suspended conditioned upon good behavior. *See* Appellant's Appendix at A32 (Order Amending Judgment and Commitment). In 1984 Johnson received a life sentence on an unrelated conviction and, as a result, the suspension of the fifteen-year sentence on his aggravated robbery conviction was revoked and it was ordered that this fifteen-year sentence be served consecutively to his life sentence. Johnson claims that he appealed the imposition of the fifteen-year sentence consecutive to his life sentence, but that the state appeals court affirmed the sentence.

In 1989, Johnson filed his federal habeas petition in the District Court, claiming that his state trial counsel was constitutionally ineffective and that his guilty plea was defective.[3] Neither of these claims (hereinafter the omitted claims) ever had been presented to the Arkansas courts. Consequently, the state moved for the dismissal of Johnson's petition, arguing that the omitted claims were procedurally barred and that Johnson had not shown cause for failing to present these claims to an Arkansas court within three years of his conviction, as Rule 37 requires. *See* Ark. R.Crim.P. 37.2(c) (1990).[4] The District

---

* THE HONORABLE HOWARD F. SACHS, Chief United States District Judge for the Western District of Missouri, sitting by designation.

1. Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

2. On the aggravated robbery charge Johnson received a 25 year sentence, of which 15 years was suspended. On the theft charge he received a concurrent suspended sentence of ten years.

3. Johnson also asserted a number of additional claims that he has abandoned in this appeal.

4. The version of Rule 37.2 that permitted prisoners to file Rule 37 petitions within three years after their convictions was abolished on May 30,

1989 by the Arkansas Supreme Court. *See In re the Abolishment of Rule 37. and the Revision of Rule 36. of the Ark. Rules of Crim.Pro.,* 770 S.W.2d 148 (Ark.1989) (per curiam). However, the Court provided that "persons who have been convicted and sentenced during the time the rule was in effect may proceed in accordance with the rule as it existed prior to [July 1, 1989]." *Id.* The Arkansas Supreme Court subsequently has re-instated and revised the rule. *See In re the Reinstatement of Rule 37 of the Ark.Rules of Crim.Pro., as Revised, and the Amend. of Rule 26.1 and Rule 36.4 of the Ark. Rules of Crim.Pro.,* 797 S.W.2d 458 (Ark.1990) (per curiam); *see also* Ark.R.Crim.Pro. 37.2 (1991) & publisher's notes.

Court, adopting a magistrate's recommendation, granted the state's motion and dismissed the petition.

Johnson argues here, as he did in the District Court, that his procedural default with respect to the omitted claims occurred when his post-conviction counsel failed to include these issues in Johnson's untimely Rule 37 petition. Arguing from the indisputably correct premise that generally a prisoner is permitted to seek post-conviction relief only once under Rule 37, *see* Ark.R.Crim.P. 37.2(b), Johnson contends that he received ineffective assistance from his post-conviction counsel and that this ineffective assistance of counsel constitutes "cause" for removing the bar of his procedural default under the cause-and-prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). Therefore, Johnson concludes, the dismissal of his petition was improper. We disagree.

While Johnson's appeal has been pending in this Court, the Supreme Court has handed down its decision in *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). There the Court addressed the question of whether a state prisoner, who has defaulted under state law on his federal claims, still may obtain federal habeas review of those claims. After recognizing some inconsistencies in its prior decisions addressing this point,[5] the Court made clear that

> "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual preju-

dice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."

*Coleman,* 111 S.Ct. at 2565. Significantly, the state prisoner in *Coleman* attributed his procedural default, as Johnson does here, to the ineffective assistance of his post-conviction counsel. *Id.* at 2566. In rejecting the argument that the ineffective assistance of post-conviction counsel may constitute cause under the *Sykes* test, the Supreme Court reasoned that "[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.* (citations omitted).

*Coleman* is dispositive here. Johnson did not raise the omitted claims in a direct appeal nor did he raise them in his Arkansas post-conviction proceedings. Consequently, pursuant to the three-year limitation provision of Rule 37, further consideration of these claims is barred under Arkansas law, *see, e.g., Travis v. State,* 286 Ark. 26, 28, 688 S.W.2d 935, 937 (Ark.1985); *Martin v. State,* 277 Ark. 175, 176, 639 S.W.2d 738, 738–39 (Ark.1982), and this rule is consistently enforced by the Arkansas courts. *See, e.g., Travis,* 286 Ark. at 28, 688 S.W.2d at 937 ("Issues not sufficient to void the conviction are waived even though they are of constitutional dimension" if they are not raised within three years of conviction); *Pennington v. State,* 286 Ark. 503, 504, 697 S.W.2d 85, 86 (Ark. 1985); *White v. State,* 277 Ark. 429, 430, 642 S.W.2d 304, 305 (Ark.1982); *Martin,* 277 Ark. at 176, 639 S.W.2d at 738–39; *see also, Bramlett v. State,* 284 Ark. 114, 115, 679 S.W.2d 209, 210 (Ark.1984) (denying Rule 37 petition as untimely and as having

---

**5.** Specifically, the Supreme Court noted that *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and its progeny substantially limited the application of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), in which the Court ruled that prisoners' state procedural defaults with respect to federal claims do not bar the subsequent federal habeas review of such claims unless the petitioners deliberately bypassed the state procedures with an intent to forgo state review. *See Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 2563, 115 L.Ed.2d 640 (1991). The Court also noted that, although the *Fay* rule had come to be substantially limited, it had not been ruled out in those cases in which a state prisoner has defaulted his entire state appeal. *See id.* 111 S.Ct. at 2564. However, the Court then held that, by applying the *Sykes* cause-and-prejudice test uniformly in all cases in which prisoners default at the state level with respect to their federal claims, "the irrational distinction between *Fay* and the rule of cases like ... *Sykes*" would be eliminated. *Id.* 111 S.Ct. at 2565.

no merit). Moreover, Johnson's omitted claims would not be sufficient under Arkansas law to render his conviction void (rather than merely voidable) and thus would not escape the procedural bar created by the failure to present these claims within the three-year limitation period of Rule 37. *See, e.g., Blair v. State,* 290 Ark. 22, 23, 716 S.W.2d 197, 198 (Ark.1986) (holding that ineffective assistance of counsel does not render a conviction void); *Travis,* 286 Ark. at 28, 688 S.W.2d at 936–37 (holding that a defective guilty plea does not render a conviction void).

Our disposition of the case makes it unnecessary for us to decide whether Johnson's default occurred when he filed his untimely pro se Rule 37 petition or when his appointed counsel filed the second petition. The fact is that Johnson failed to raise the omitted claims in either of those petitions and he has not shown cause within the meaning of *Wainwright v. Sykes* for this default. Similarly, Johnson has not demonstrated that failure to consider the omitted claims will result in a fundamental miscarriage of justice. Thus, under *Coleman,* federal habeas review of the omitted claims clearly is barred.

For the reasons discussed above, we affirm the dismissal of Johnson's petition for a writ of habeas corpus.