983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cecil Lamar LEWIS, Petitioner-Appellant,
v.
Jack DUCKWORTH and Indiana Attorney General, Respondents-Appellees.
 No. 92-1127.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Dec. 16, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Cecil Lewis pleaded guilty to forgery in 1963 and was sentenced to one to ten years, which he has served. In 1983 Lewis was convicted of robbery, for which he received thirty years, and found to be a habitual offender, which added thirty more years. Ind.Code § 35-50-2-8. The 1963 conviction provided part of the basis for sentencing Lewis as a habitual offender. He now challenges the habitual-offender sentence on the ground that his 1963 guilty plea was unconstitutionally obtained. 28 U.S.C. § 2254. The district court dismissed Lewis's petition without prejudice, though its Memorandum and Order found no merit to his claims.
 
 
 2
 A threshold question in cases under § 2254 is whether all available state remedies have been exhausted. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.1991). There is no question that Lewis has exhausted his state remedies as to the claim regarding his 1963 guilty plea. The picture is muddied, however, by the fact that he has another post-conviction proceeding pending in state court which also challenges the habitual-offender sentence. According to the respondents the existence of this proceeding should preclude our review of the petition.
 
 
 3
 Respondents argue that this case is analogous to the situation when a petitioner files a "mixed petition," one containing both exhausted and unexhausted claims. Such petitions must be dismissed under Rose v. Lundy, 455 U.S. 509 (1982). The difference here is that there are two petitions, not one, and Lewis is not now asking us to decide any unexhausted claims. Respondents would have us look beyond this surface distinction to the fact that both petitions, federal and state, challenge the same sentence, and thus when viewed together look like a mixed petition.
 
 
 4
 But even though Lewis's parallel proceedings, if combined, would constitute a mixed petition, the real problem is that we can see an abuse of the writ coming. If we were to rule on the merits of Lewis's claims, it is likely that he would be barred from bringing a later petition, challenging the habitual-offender sentence on the grounds now being pursued in state court, by the abuse of the writ doctrine. See McCleskey v. Zant, 111 S.Ct. 1454 (1991); Jeffers v. Sargent, 842 F.2d 1008, 1009 n. 2 (8th Cir.1988); McCorquodale v. Kemp, 832 F.2d 543, 545-46 (11th Cir.1987) (per curiam); Jones v. Estelle, 722 F.2d 159, 168 (5th Cir.1983) (en banc); Jones v. Hess, 681 F.2d 688, 695 (10th Cir.1982). Normally we do not care about that possibility, because in most cases we are unaware of potential future challenges to the same conviction. Here the blinders are gone, and we believe that in such circumstances the best course is to treat the petition as if it were mixed. In other words, Lewis's petition should be dismissed without prejudice so that he can decide what to do next. Upon reflection he can either refile his petition, having been warned that doing so puts him at grave risk of foreclosing any other challenges he might have to his habitual-offender sentence, or hold on to his claim until he has exhausted all other challenges to that sentence, and then file a new petition. See Rose, 455 U.S. at 510.
 
 
 5
 District courts in this circuit have followed the same course when confronted with similar facts. In United States ex rel. Frieson v. Peters, 780 F.Supp. 1183 (N.D.Ill.1991), the petitioner notified the court that he had an unexhausted claim, but stated that he wished to pursue that claim in state court only and proceed with his exhausted claims in federal court. The district judge found that while in most cases it would honor such a decision, Frieson had filed his case before the Supreme Court's decision in McCleskey v. Zant, supra, which fortified the abuse of the writ doctrine. Because Frieson might have proceeded differently if McCleskey had been on the books when he filed his petition (he might have waited to exhaust his remaining claim), the judge decided that the only fair tactic was to dismiss without prejudice so that he could reconsider his strategy. Id. at 1184; see also United States ex rel. Thomas v. Peters, 1991 U.S.Dist. LEXIS 8854 (N.D.Ill.1991) (a virtual carbon copy of Frieson ).
 
 
 6
 Similarly, in United States ex rel. Pride v. McGinnis, 763 F.Supp. 382 (N.D.Ill.1991), the petitioner raised two exhausted claims and advised the court that he might pursue a third claim in state post-conviction proceedings. Worried that Pride did not realize that pursuing his exhausted claims at that time might bar a future petition based on the unexhausted claim, the court dismissed without prejudice so that he could make his decision with full knowledge of the likely consequences. Id. at 384.
 
 
 7
 We follow the sound approach used in the district courts. Accordingly, the district court's decision to dismiss Lewis's petition without prejudice is AFFIRMED.[1]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 We wish to make it clear that we are affirming the district court's resolution of this case, not its analysis. The Memorandum and Order issued by the district judge deals with the merits of Lewis's claim, where it should have first dealt with the exhaustion issue. Thus the portion of that order discussing the merits of Lewis's challenge to his 1963 guilty plea is dicta