BEVERLY ENTERPRISES–ARKANSAS, INC.,
formerly d/b/a Batesville Nursing and Rehabilitation Center *v.*
CIRCUIT COURT of INDEPENDENCE COUNTY, Arkansas,
Honorable John N. Harkey, Circuit Judge

238 S.W.3d 108

06-608

Supreme Court of Arkansas
Opinion delivered June 29, 2006

---

*Womack, Landis, Phelps, McNeill & McDaniel*, by: *Paul McNeill* and *Richard Lusby*; *Hardin, Jesson & Terry, PLC*, by: *Rex M. Terry*; *Williams & Anderson PLC*, by: *Jess Askew III*; and *Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *R.T. Beard III* and *M. Samuel Jones, III*, for petitioner.

*Mike Beebe*, Att'y Gen., by: *Sherri L. Robinson*, Ass't Att'y Gen., for respondent.

*Brian G. Brooks*, for plaintiffs.

*Bridges, Young, Matthews & Drake, PLC*, by: *Stephen A. Matthews*, for amici curiae, Arkansas State Chamber of Commerce, Fort Smith Regional Chamber of Commerce, Jefferson Regional Medical Center, Murphy Oil USA, Inc., and Deltic Timber Corporation.

*Nix, Patterson & Roach, LLP*, by: *M. Chad Trammell*, for amici curiae.

Jim Hannah, Chief Justice. Beverly Enterprises-Arkansas, Inc., d/b/a Batesville Nursing and Rehabilitation Center,

petitions this court under Ark. Sup. Ct. R. 6-1 for a writ of certiorari and a writ of prohibition. Beverly argues that a writ of certiorari should issue to correct the circuit court's abuse of discretion in ordering Beverly to post a $25,000,000 supersedeas bond before it may appeal an order of class certification. Beverly further argues that a writ of prohibition should issue to prohibit the circuit court from any further action to enforce its order to post a supersedeas bond. We grant the petition for a writ of certiorari and the petition for a writ of prohibition becomes moot.

Upon successfully moving for certification under Ark. R. Civ. P. 23, and before the order of certification was entered, plaintiff Annette Thomas filed a Motion for Protection of Members of Class During Pendency of Anticipated Appeal. By that motion, Thomas sought an order under Ark. R. App. P.–Civ. 8 that Beverly post a supersedeas bond to protect any recovery that class-action plaintiffs might obtain at the subsequent trial of the matter. Thomas asserted that Beverly was financially unstable and that action had to be taken to preserve assets or the class would have no source from which to seek a recovery. The circuit court granted the motion and request for a supersedeas bond on the basis of Beverly's "uncertain financial status and the multitude of claims" to "ensure that the members of this class have the maximum protection the law allows." The circuit court ordered the bond to "provide proper security" during the course of the appeal of the order of class certification.

"A supersedeas is a written order commanding appellee to stay proceedings on the judgment, decree or order being appealed from and is necessary to stay such proceedings." Ark. R. App. P.–Civ. 8(a). The order appealed from that gave rise to the order to post a supersedeas bond was a class-certification order. A class-certification order is an order declaring that the requirements of Ark. R. Civ. P. 23 have been met and the action may proceed as a class action. Beverly did not seek a supersedeas and has not sought to stay proceedings in the circuit court. Rather, Beverly has appealed the class certification as allowed under Ark. R. App. P.–Civ. 2(a)(9).

It is Thomas who filed the Motion for Protection of Members of Class During Pendency of Anticipated Appeal seeking to impose a supersedeas bond on Beverly under Rule 8. A supersedeas bond sought under Rule 8 pertains to protection of a judgment that awards monetary or injunctive relief. Under Ark. R. App. P.–Civ. 8(c):

[w]henever an appellant entitled thereto desires a stay on appeal, he shall present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires . . . to the effect that appellant shall pay to appellee all costs and damages that shall be affirmed against appellant on appeal. . . .

When the circuit court granted the request for the supersedeas bond under Rule 8, there was no judgment for monetary or injunctive relief to be protected by a supersedeas bond. "The purpose or effect of a supersedeas bond is to secure the payment of a judgment following its affirmance on appeal." *Bailey v. Delta Trust & Bank*, 359 Ark. 424, 439, 198 S.W.3d 506, 518 (2004). A supersedeas bond required under Rule 8 is not imposed to protect appellees against alleged financial instability of an appellant prior to an entry of judgment for damages that might never be obtained. In the present case, there was no judgment for damages on which to stay execution. The case is yet to be tried. The circuit court erred in granting the request for a supersedeas bond under Rule 8.

We note that the parties cite to *Ballard v. Clark County Circuit Court*, 347 Ark. 291, 61 S.W.3d 178 (2001) (*per curiam*). However, in *Ballard*, petitioners were non-parties to a settlement of a class-action suit and were attempting to collaterally attack the settlement. In *Ballard*, there was a judgment for damages to protect; therefore, a supersedeas bond was proper. Reliance on *Ballard* in the present case is misplaced.

Having agreed with Beverly that the circuit court erred in ordering the posting of a supersedeas bond, we must address Thomas's assertion that even if the circuit court abused its discretion, the issuance of a writ of certiorari is not procedurally correct in this case. Certiorari is available in the exercise of this court's superintending control over a tribunal that is proceeding illegally where no other adequate mode of review has been provided. *Lenser v. McGowan*, 358 Ark. 423, 191 S.W.3d 506 (2004). *See also Kraemer v. Patterson*, 342 Ark. 481, 29 S.W.3d 684 (2000). It applies where the proceedings are erroneous on the face of the record and where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion. *Ark. Dep't of Human Servs. v. Mainard*, 358 Ark. 204, 188 S.W.3d 901 (2004). A manifest abuse of discretion is discretion exercised improvidently or thoughtlessly and without due consideration. *Jones Rigging & Heavy Hauling, Inc. v. Parker*, 347 Ark. 628, 66 S.W.3d 599 (2002).

Certainly there was a plain, manifest, clear, and gross abuse of discretion in ordering that a bond be posted where Rule 8 provides for no such bond.

Still, Thomas argues that even if the court abused its discretion, a writ of certiorari is not available if there is an adequate remedy by appeal. *Mainard, supra.* Beverly could raise the issue on appeal should a judgment be entered. An appeal from a final judgment also brings up for review any intermediate order. Ark. R. App. P.–Civ. 2(b). However, the injury Beverly complains of is having to provide a bond prior to judgment. Thus, by the time the issue could be reviewed after a judgment is entered, the bond will have served the improper purpose of protecting a judgment that had not been entered, and the injury will be done. Further, if Beverly prevails at trial, it will have no need to appeal and will have been injured to no purpose. In short, the right of appeal is not an adequate remedy under these facts. We grant the petition for a writ of certiorari and reverse the circuit court's order that a supersedeas bond be posted.

Beverly also seeks a writ of prohibition to stop the circuit court from taking action to enforce the order to provide a supersedeas bond. This issue is moot because we reverse the circuit court's decision to impose upon Beverly the obligation of a supersedeas bond.

Petition for writ of certiorari granted; petition for writ of prohibition is moot.