SLIP OPINION

Cite as 2015 Ark. 221

# SUPREME COURT OF ARKANSAS

**No.** CV–15–349

| | |
|---|---|
| A.S., JUVENILE; <br> PAULA SURLES, MOTHER; and <br> JIM SURLES, FATHER <br> PETITIONERS <br><br> V. <br><br> RANDOLPH COUNTY <br> CIRCUIT COURT and <br> TIM BUMPESS D/B/A <br> NEW LIFE CHILDREN'S HOME <br> RESPONDENTS | **Opinion Delivered** May 21, 2015 <br><br> PETITION FOR WRIT OF HABEAS CORPUS <br><br> HONORABLE KEVIN KING, JUDGE <br><br> <u>CONCURRING OPINION</u>. |

### RHONDA K. WOOD, Associate Justice

I agree with the majority that the petition in this case must be dismissed. I write separately to express my concern over the circuit court's failure to appoint defense counsel for the juvenile in this case.

A family-in-need-of-services (FINS) petition was filed due to local school officials' concern for A.S.'s well-being. On December 10, 2014, the court held an adjudication hearing, found the allegations true, adjudicated A.S. a FINS, removed her from her home, and placed her in New Life Children's Home.[1] At no time during the adjudication or disposition was A.S. afforded defense counsel.

---

[1] Although I am writing to voice my concern for the lack of procedural safeguards, I do not address the appropriateness of the adjudication or the out-of-home placement of A.S.

A.S.'s adoptive parents filed an objection, and the court held a second hearing on January 28, 2015, at which time Dick Jarboe appeared as counsel. It is unclear whether he was acting as counsel for the parents or A.S. as they had conflicting interests.[2] The court once again found that A.S. was in need of residential treatment and continued her out-of-home placement. On April 20, 2015, Dick Jarboe filed this Petition for Writ of Habeas Corpus on behalf of the parents and A.S.[3] The majority correctly dismisses the petition as procedurally and substantively flawed.

Included in the petition was an affidavit from the part-time public defender in Randolph County. His affidavit stated that he did not represent A.S. in the matter. The larger concern was his statement, "I have never been appointed by the Randolph County Circuit Court to act as counsel for a juvenile in a Family In Need of Services case." However, the law in Arkansas is well established that juveniles are entitled to counsel in family-in-need-of-services cases. Arkansas Code Annotated section 9-27-316 (Supp. 2013) provides as follows:

> (a)(1) In . . . family in need of services cases, a juvenile and his or her parent, guardian, or custodian shall be advised . . . by the court at the juvenile's first appearance before the circuit court that the juvenile has the right to be represented at all stages of the proceedings by counsel.
>
> . . . .
>
> (b)(1)(A) The inquiry concerning the ability of the juvenile to

---

[2] The case was initiated due to conflict between the juvenile and her parents and the school teachers' view that the adoptive mother was escalating the tension.

[3] Once again, it is troubling that counsel is representing the parents and A.S. when the record is clear they have inherent conflicts of interest.

retain counsel shall include a consideration of the juvenile's financial resources and the financial resources of his or her family.

(B) However, the failure of the juvenile's family to retain counsel for the juvenile shall not deprive the juvenile of the right to appointed counsel if required under this section.
. . . .

(c) If counsel is not retained for the juvenile or it does not appear that counsel will be retained, counsel shall be appointed to represent the juvenile at all appearances before the court unless the right to counsel is waived in writing as set forth in § 9-27-317.

(d) In a proceeding in which the judge determines that there is a reasonable likelihood that the proceeding may result in the juvenile's commitment to an institution in which the freedom of the juvenile would be curtailed and counsel has not been retained for the juvenile, the court shall appoint counsel for the juvenile.

(e) Appointment of counsel shall be made at a time sufficiently in advance of the court appearance to allow adequate preparation by appointed counsel and adequate consultation between the appointed counsel and the client.

In addition, Arkansas Code Annotated section 16-87-306(1)(A)(i) (Repl. 2005) provides that it is the specific duty of the public defender in each judicial district to defend juveniles in all juvenile cases, and subsection (B) specifically states that this includes family-in-need-of-services cases even when there is no risk of incarceration or loss of liberty.

What is troubling here is that the record reflects the following procedural deficiencies: (1) the circuit court did not inform the juvenile of her right to counsel or make any inquiry into her desire for counsel; (2) the court did not appoint counsel for the FINS adjudication hearing; (3) the court did not appoint counsel for the disposition stage when the issue before the court was whether the juvenile should be removed from her

home and placed in a residential-treatment facility; and (4) the public defender states he never represents juveniles in FINS cases in Randolph County despite having a statutory obligation to do so.

A.S. was entitled to counsel at all stages of these proceedings. To be clear, she was entitled to defense counsel—not an attorney ad litem. As this court explained in *Mainard*, defense counsel serves a different role than an ad litem: defense counsel protects the juvenile's due process and other constitutional rights while an ad litem represents the juvenile's best interest. *Ark. Dep't of Human Servs. v. Mainard*, 358 Ark. 204, 211, 188 S.W.3d 901, 905 (2004). In this particular case, when the juvenile appeared without counsel, the circuit court should have appointed the public defender; furthermore, nothing would have prevented the court from also appointing an ad litem to assist the court in determining what disposition was in A.S.'s best interest.

A copy of this concurring opinion is being forwarded to the Public Defender Commission in the hope that it will review juvenile representation in Randolph County.